IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

WESTERN DISTRICT—PITTSBURGH, 1881.

## Oil City Gas Company *versus* Robinson.

| 99 | 1 |
| 139 | 375 |
| 99 | 1 |
| 152 | 364 |
| 99 | 1 |
| 187 | 226 |
| 99 | 1 |
| 195 | 465 |

A municipality in constructing a sewer in one of its streets disturbed and broke the pipe of a gas company, laid some three or four feet distant, from which pipe gas had leaked both prior to and during the construction of the sewer. Complaints had been made to the gas company, but the leaks had not been stopped. The city engineer, under whose supervision the sewer was being constructed, knowing of its condition and of the leakage from the adjacent pipe, entered with a light. An explosion of gas which had penetrated thereto occurred, and the engineer was seriously injured. In an action by him against the gas company to recover damages for his injuries : *Held*, that the negligence of the company in failing to repair the leaks was the proximate, not the remote cause of the accident, and that the fact, that the city contractor in building the sewer had disturbed and broken the pipe had no effect to shift the cause. *Held*, further, that the defendant was responsible for whatever consequences might in the nature of things occur from its neglect, although those consequences were such as could not by any ordinary prudence have been anticipated; that the accident occurring in this case was one of such consequences, and hence that defendant was responsible therefor. *Held*, however, that if the plaintiff by his own negligence had occasioned the defect in the gas pipe, his suit might thereby be defeated on the ground of contributory negligence. *Held*, further, that the plaintiff was bound to a knowledge of the probable consequences of the facts of which he was cognizant, and to exercise that ordinary prudence which the circumstances required. Hence, if it was probable that the gas escaping from the leak would find its way into the sewer in quantities sufficient to cause an explosion, the plaintiff, being a civil engineer, and knowing what he

3 OUTERBRIDGE—1

did, of the condition of the sewer and leakage of the adjacent pipe, ought to have anticipated the result of his act in entering the sewer with a light, and was guilty of such contributory negligence as to preclude his recovery.

October 22d 1881.   Before Sharswood, C. J., Mercur, Gordon, Paxson, Sterrett, and Green, JJ.   Trunkey, J., absent.

Error to the Court of Common Pleas of *Venango county:* Of October and November Term 1881, No. 78.

Case, by H. B. Robinson against the Oil City Gas Co., to recover damages for personal injuries alleged to have been caused by the negligence of the defendant company, a corporation chartered under the laws of Pennsylvania with the right to occupy the streets of Oil City with gas pipes.

On the trial, before Taylor, P. J., the following facts appeared:  The plaintiff, the city engineer of Oil City, on October 2d 1878, entered a sewer just completed under his official and professional supervision, with a lighted lantern in his hand, whereupon an explosion of gas, which had leaked from neighboring pipes of the defendant occurred, by which plaintiff was injured.  The works of the gas company were erected in 1876 under a contract with the city, whereby the city was to have the right, if necessary, in constructing sewers or for other purposes, to remove any portion of the gas mains, with the least possible injury to the company, and in return was bound, without delay, to rejoin and repair the breaks thus unavoidably made.  In 1878 the city constructed the sewer in which the explosion occurred, in a street in part of which a gas main had been laid.  The excavation for the sewer crossed under the gas main obliquely at a distance of three or four feet, and its effect was to remove entirely the solid foundation on which the gas main rested at the point of crossing, and to weaken and disturb it for some distance from that point.  After the explosion the gas main was found to be broken off at the point of crossing.

Prior to, and during the construction of the sewer, the leakage of gas was plainly perceptible in the vicinity, and there were numerous complaints to the defendant.  Search was made by the defendant for leaks, but none were found until after the explosion, or, if there were, nothing was done to remedy the trouble.  Plaintiff at the time of entering the sewer with his lantern was fully informed as to the condition thereof, and knew that gas was escaping from the neighboring pipes of defendant.

The court affirmed the plaintiff's first four points, which were to the effect that the defendant, having failed to repair the pipes after due notice of leakage, was guilty of negligence.

[Oil City Gas Co. *v.* Robinson.]

Plaintiff also presented the following points :

5. In order to defeat a recovery on the ground of contributory negligence, the jury must find that the plaintiff failed to take ordinary care, which is that degree of care which persons of ordinary care and prudence are accustomed to use and employ under the same or similar circumstances, in order to conduct the enterprise in which they are engaged to a safe and successful termination, having due regard to the objects to be accomplished. Plaintiff was not bound to anticipate culpable negligence on the part of the gas company, nor, knowing of such negligence, was he bound to anticipate all the perils to which he might possibly be exposed by such negligence, nor even to refrain absolutely from pursuing his necessary business on account of risks to which he might be exposed by the gas company's fault. Some risks are taken by the most prudent men, and the plaintiff is not debarred from recovery for his injury if he adopted the course which most prudent men would take in similar circumstances. *Answer.* Affirmed.

6. Even if the jury are of opinion that the break occurred in consequence of building the sewer, and that the injury occurred from such break, this will not debar the plaintiff from recovering, unless they also find from the evidence such break was the result of negligence of plaintiff, or his agent or employé, in the construction of the sewer. *Answer.* Affirmed.

Defendant requested the court to charge as follows :

1. A party is answerable only for the natural and probable consequences of his acts or omissions—such consequences as might be foreseen by ordinary forecast—and is not answerable for results which are extraordinary, and not likely to be foreseen. *Answer.* Affirmed ; but in judging of what would be ordinary forecast and prudence, the subject matter with which the parties are dealing must be taken into consideration, and if it be of a dangerous or hazardous character, the care which is required is such as a man of ordinary prudence would use in providing against accidents in the use of such material.

2. If it was natural and reasonable to apprehend that gas escaping from leaks or breaks in defendant's mains would find its way into the sewer in such quantity as to be liable to produce an explosion when a light should be brought in contract therewith, and if the plaintiff knew, as he has testified, that gas was escaping from leaks or breaks in defendant's mains, and knew the condition of the sewer, and that it was probable that such gas would find its way into the sewer in quantity aforesaid, then to enter the sewer with a lighted lantern was such contributory negligence on plaintiff's part as would prevent a recovery in this action. *Answer.* Under the facts in evidence we de-

cline to affirm this point, but submit the question of contributory negligence to the jury.

5. If the defendant's main was broken in consequence of anything done or improperly omitted in the construction of the sewer, and the plaintiff, as city engineer, had full control over and direction of the work of constructing the sewer, the defendant is not answerable to the plaintiff for any consequences of the escape of gas from the break. *Answer.* This point as made answered in the negative.

Verdict for plaintiff for $8,000 and judgment thereon. Defendant thereupon took this writ, assigning for error, inter alia, the affirmance of plaintiff's points and the answers to defendant's points above cited.

*C. Heydrick*, for plaintiff in error.—The test of responsibility is to be found, not in the solution of the question put to the jury in the charge, "was the defendant guilty of negligence, and was the plaintiff free from fault which contributed to his injury?" but in the answer to the question, are the consequences natural and proximate, and such as might be foreseen by ordinary forecast? In determining the responsibility the true rule is that the injury must be the probable consequence of the negligence, in accordance with the maxim, *causa proxima, non remota, spectatur :* Morrison *v.* Davis & Co., 8 Harris 175 ; Penna. R. R. Co. *v.* Herr, 12 Smith 353 ; Greenleaf on Evidence § 256 ; McGrew *v.* Stone, 3 Smith 436 ; Hoag *v.* R. R. Co., 4 Norris 293.

There was wanting affirmative proof of an antecedent probability that the leakage would produce disastrous results, and without such proof plaintiff could not recover : Allen *v.* Willard, 7 Smith 374 ; Cotton *v.* Wood, 98 E. C. L. 568 ; Hammack *v.* White, 11 C. B. (N. S.) 588.

*Dodd & Lee*, for defendant in error.—It is not the law that men are responsible for their negligence only to the extent of the injuries which they knew would result from it : City of Pittsburgh *v.* Grier, 10 Harris 54. Consequences are proximate in the legal sense if there be an intermediate agency which ought to have been foreseen ; and it is in reference to such intervening causes only that the question arises whether the consequence was such as might have been foreseen by the wrong doer as likely to flow from his act. There being no facts in dispute, it was the court's right and duty to say that this was a natural and probable result : Raydure *v.* Knight, 2 W. N. C. 713.

It was for the jury to say, whether, under all the circumstances, the plaintiff acted as a man of ordinary caution and prudence ; if he did so act, he is not to be charged with con-

[Oil City Gas Co. v. Robinson.]

tributory negligence. The party who exposes another to danger, and the party so exposed, are not bound to equal degrees of vigilance: P. & R. R. R. Co. v. Hendrickson, 30 Smith 182; Humphreys v. Armstrong County, 6 Smith 204; City of Erie v. Schwingle, 10 Harris 384; Fero v. R. R. Co., 22 N. Y. 214; Cook v. Champlain Trans'n Co., 1 Denio 91; Johnson v. Belden, 47 N. Y. 130; Shearman & Redfield on Negligence, § 336 et seq.; Id. § 25 et seq.

Mr. Justice Gordon delivered the opinion of the court, November 7th 1881.

There is but a single one of the rulings of the court, in the case before us, with which we are inclined to find fault; as to the rest we regard the exceptions to them as not well taken. These are mainly to the instructions of the court as to the responsibility of the company for the results arising from the escaping gas. It is contended that the company's neglect in not repairing its pipe was, at most, but the remote and not the proximate cause of the accident. But to this proposition we cannot assent.

The gas pipe and sewer were in the immediate vicinity of each other; in the former there was a defect, and from it the gas, not merely by absorption, or by gravity, but also by pressure, found its way into the sewer. This certainly resulted from the defendant's negligence, because but for the defective pipe there could have been no escape of the gas; and if this was not the proximate cause where, we ask, was the intervening one by which the consequences of the accident are to be shifted from the defendant to some other person or thing? That the city contractor, in building the sewer, disturbed the pipe, and so caused the break, has no effect to shift the cause, for it still remains that that was the escaping gas; neither does it excuse the company if, knowing the defect, it neglected to make the necessary repairs. So even if the plaintiff by his own negligence occasioned the defect, that would not make the cause less direct, though his suit might thereby be defeated on the ground of contributory negligence. The result, then, was the direct effect of the cause stated, and the remaining question was one of negligence. In this, as in what precedes it, I, of course, speak only as of those facts which the jury have found from the evidence of the case, and not as of results flowing from admitted facts. The whole of the evidence is for the jury, and from it a second panel may come to a very different conclusion, as to the facts, from that arrived at by the one which rendered the verdict in this case.

But again, it is said the company is not liable for this accident because the penetration of the gas into the sewer was not a

reasonable probability. But, to meet the defendant on its own grounds, what is there unreasonable about the probability of gas being forced from a broken pipe through three or four feet of loose earth into an adjacent sewer? Gas permeates iron, and why not earth and brick? The company was responsible for what might, in the nature of things occur from its neglect, and its responsibility was not limited by what its officers may have thought to be improbable or even impossible.

But the plaintiff was also bound to the exercise of a reasonable care for his own safety. He was a civil engineer and may be presumed to have had some knowledge of the dangerous nature of illuminating gas, of its power to penetrate the earth and the materials composing the sewer, and of its explosive character when mixed in certain quantities with common air. He certainly did know, for he so testifies, that the gas was escaping and saturating the adjacent earth, hence, it seems to us that he ought to have been upon his gaurd. We cannot apply one rule to the company and another to the defendant, or vary the rule as concerning negligence except in this; the defendant was bound for the consequences of its neglect though those consequences were not, and could not, by any ordinary prudence, have been anticipated; whilst the plaintiff was bound only to a knowledge of the probable consequences of the facts of which he was cognizant, and to that ordinary prudence which the circumstances required. If it was probable that the gas escaping from the leak would find its way into the sewer in quantities sufficient to produce an explosion, he ought to have anticipated the result, and not have entered the sewer with a lighted lamp. If he did so under, the conditions stated, he was guilty of such contributory negligence as ought to have prevented his recovery.

It follows, from this, that the court should have affirmed the defendant's second point without qualification, and for not having so done we reverse the judgment and order a new venire.