## CITY GAS COMPANY OF NORFOLK V. WEBB.

### March 11, 1915.

1. APPEAL AND ERROR—*Grounds Should be Stated in Petition.*—A ground of error intended to be relied on for reversal should be mentioned in the petition for the writ.

2. GAS—*Negligence.*—Although the plaintiff knew in a general way that gas had been escaping in the vicinity and called defendant's attention to the fact, it was not negligence on his part to strike a match at night near a man-hole in order to locate the valve of a water pipe for the purpose of turning water into his house, when he did not know that gas was leaking into the man-hole, or where it was, and did not smell its odor.

3. NEGLIGENCE—*Proximate Results — Foreseeable. —* If an act or omission was of itself negligent and likely to result in injury to others, then the person guilty thereof is liable for the injury proximately resulting therefrom whether he might have foreseen it or not.

4. GAS—*Explosion—Negligence. —* As illuminating gas is highly dangerous and explosive, persons dealing with it are bound, at all events, to use all reasonable diligence to prevent an escape which may have such results.

Error to a judgment of the Law and Chancery Court of the city of Norfolk in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*W. H. Taylor, Henry W. Anderson* and *A. D. Christian,* for the plaintiff in error.

*Bowden & Heard,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by Lewis W. Webb to recover of the City Gas Company of Norfolk damages for personal injuries alleged to have been sustained by the plaintiff in consequence of the negligence of the defendant company. The trial resulted in a verdict and judgment for $900 in favor of the plaintiff, which we are asked to review and reverse.

Treating the case as on a demurrer to the evidence, the following salient facts are established: That on account of a leak in a pipe of the gas company which ran through the manhole of a sewer located at a street corner in a suburb of the city of Norfolk, a large quantity of the company's illuminating gas escaped and accumulated in this sewer manhole; that on the night of the accident the plaintiff, while trying to locate the valve of a water pipe, supposed to be in the vicinity, for the purpose of turning into his home water which a workman inadvertently left cut off during the day, struck a match on or near the iron plate over the manhole, in order to facilitate his search for the water valve, with the result that there was immediately a violent explosion, the iron cover was blown into the air and the plaintiff seriously burned by the flames which shot into the air from the manhole. The iron cover had a finger-hole near the edge thereof, through which the gas was doubtless flowing when the match was struck. It is established that the leak in the pipe which filled this manhole with gas had existed for several months, and the proper representatives of the company were repeatedly given actual notice of the defect, and had abundant opportunity to remedy the trouble. The negligence of the company is clearly shown and is not denied.

In oral argument at the bar of this court, the defendant company insists that the plaintiff was not entitled to recover because of his contributory negligence in lighting a match over a manhole into which gas was escaping. The defense of contributory negligence is not mentioned in the petition for a writ of error, as it should have been if it was to be relied on in this court. But apart from this omission, we are of opinion that the evidence fails to show that the plaintiff was guilty of contributory negligence. It is true that he knew in a general way that gas had been escaping in that vicinity, and was one of those who had called the attention of the company to the fact, but he did not know that the leak was in the manhole or where it was; and on the night of the accident, because of the direction of the wind, he smelt no gas at all.

The sole ground urged in the petition for the writ of error in support of the contention that the defendant company is not liable in this case is that the gas which was negligently allowed to escape and fill the manhole was not the proximate cause of the plaintiff's injury; that such an accident could not have been foreseen by the company as a probable and natural result of its negligence in allowing gas to escape into the manhole; and, therefore, that no liability rests upon the company to compensate the plaintiff for his injuries.

This position cannot be sustained. It is not necessary to render the defendant liable, that it should have been able to foresee the precise manner in which the accident happened. It is enough if injury to another was reasonably to be apprehended as a result of the negligent conduct.

As said by this court in *Standard Oil Co.* v. *Wakefield*, 102 Va. 824, 47 S. E. 830, 66 L. R. A. 792, "the test is in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise."

In *Pulaski Gas Light Company* v. *McClintock*, 97 Ark. 576, 134 S. W. 1189, 32 L. R. A. (N. S.) 825—an asphyxiation case—the court in its discussion of proximate cause said, that "It is not necessary that the particular injury should have been foreseen," and quoted from the Iowa case of *Foster* v. *Chicago, etc., Co.*, 127 Iowa 90, 102 N. W. 424, 4 Ann. Cas. 150, as follows: "Doubtless the particular situation might not have been foreseen, but this was not essential to making out a charge of negligence. Accidents, as they occur, are seldom foreshadowed; otherwise many would be avoided. If the act or omission is of itself negligent and likely to result in injury to others, then the person guilty thereof is liable for the natural consequences which occurred, whether he might have foreseen it or not. In other words, if the act or omission is one which the party ought, in the exercise of ordinary care, to have anticipated was likely to result in injury to others, then he is liable for any injury proximately resulting therefrom, although he might not have foreseen the particular injury which did happen."

It is a matter of common knowledge that illuminating gas is a highly dangerous and explosive fluid, and that when it comes in contact with fire instant explosion is the result. Persons dealing with it are, therefore, bound, at all events, to use all reasonable diligence to prevent an escape which may have such results.

A company which manufactures gas and conducts it in pipes throughout a city or town, is bound to exercise vigilance to prevent injury to third parties from the dangerous qualities of the gas. The certainty of explosion if the gas was allowed to accumulate in a manhole and to come in contact with fire, and the well known fact that people do, in the daytime and at night, light matches on the street corners, would seem to be sufficient to create in the mind of a reasonably prudent person the apprehension that injury

might result to others from allowing gas to accumulate in a manhole on a street corner. While the exact circumstances of the accident could not be foreseen, it is clear that it was, in its results, the natural and probable consequence of the wrongful act of the company in failing to stop the leak in its gas pipe.

We are of opinion that there was clearly no intervening cause in this case and that the defendant's negligence was the direct and proximate cause of the injury complained of. *Standard Oil Company* v. *Wakefield, supra; City of Richmond* v. *Gay,* 103 Va. 321, 49 S. E. 482.

In the last-named case it is said, that "in order to excuse the defendant's negligence this intervening cause must be either a superseding or responsible cause. To be a superseding cause, whether intelligent or not, it must so entirely supersede the operation of the defendant's negligence, that it alone, without the defendant's negligence contributing thereto in the slightest degree, produces the injury. To be a responsible cause, it must be the culpable act of a human being who is legally responsible for his act."

The judgment complained of is without prejudice to the defendant company and must be affirmed.

*Affirmed.*