## 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

MRS. ELLIS PRICE AND H. B. PRICE v. ELIZABETH BURTON, BY CARRIE BURTON LAYTON, HER NEXT FRIEND.

September 12, 1930.

Absent, Holt and Epes, JJ.

*W. H. Colhoun* and *John B. Spiers,* for the plaintiffs in error.

*Roop & Sowder,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Elizabeth Burton, by her next friend, instituted in the court below her action by notice of motion for judgment against Mrs. Ellis Price, H. B. Price and Calpurnia Price, for injuries she received by being struck by an automobile driven by Mrs. Ellis Price. The material portion of the notice is: "That  *  *  while the undersigned Elizabeth Burton was  *  *  standing in and along the public roads, on the side thereof  *  *  in the village of Price's Fork  *  *  the said Calpurnia Price carelessly, negligently, recklessly, wilfully  *  *  pushed, shoved and violently threw the said Elizabeth Burton down and into the public road in front of  *  *  a certain automobile, which was owned and operated by Mrs. Ellis Price and H. B. Price, which was then and there carelessly, negligently, recklessly  *  *  driven and operated by them then and Mrs. Ellis Price and H. B. Price, and run into, upon, against and over the said Elizabeth Burton  *  *."

The defendants filed their pleas of not guilty and contributory negligence and their grounds of defense, and the trial resulted in a verdict in favor of the plaintiff against all of the defendants for $1,200. Calpurnia Price, one of the defendants in the court below, is not appealing and the judgment on the verdict as to her is now final.

On November 1, 1928, Mrs. Ellis Price was operating an automobile owned by her husband, H. B. Price, who was in the automobile at the time. It was being operated over a public highway in the village of Price's Fork, and Elizabeth Burton, who was then twelve years old, with several other children, was standing or playing on the side of the highway in front of the home of Calpurnia Price, which was located diagonally across the road from a public school. Mrs. Ellis Price testified she saw the children on the side of the road before she was near them; and that the automobile was being driven as it approached the children on or near the center of the road, at ten to fifteen miles per hour. This testimony is controverted by the plaintiff, she contending that the automobile was being operated at a greater speed, and that instead of being operated near the center of the road it was being operated within two or three feet of the edge of the hard surface on the right hand side. The road at the point where the children were standing is thirty to thirty-five feet in width and there is about eighteen feet of hard surface. There was no other traffic on the road. When the automobile had reached a point about ten feet from Elizabeth Burton, she was shoved or pushed in front of the oncoming automobile by Calpurnia Price. She was not thrown to the ground by the force of the shove or push she received, and the automobile struck her while she was standing, knocking her down and dragging her a distance of thirty-six feet, and then it passed a short distance beyond where she lay in the road and stopped. The road was dry.

Mrs. Price testified that when she saw the plaintiff being pushed in the road she applied her brakes, cut off the "gas" and swerved to the left to avoid striking her. On the hard surface part of the road after the collision there was a trail of blood, which had as its beginning point, a point two or three feet from the edge of the hard surface on the right side and extending for thirty-six feet.

The plaintiffs in error are relying upon four assignments of error for a reversal of the judgment complained of.

*First:* The court erred in overruling the motion to set aside the verdict as being contrary to the law and the evidence and because it is without evidence to support it.

*Second:* The court erred in refusing instructions A, B, and C offered by the defendants.

*Third:* The court erred in giving instructions Nos. 1, 2, 5, 8 and 10 offered by the plaintiff.

*Fourth:* The court erred in admitting evidence of certain tests as to the distance within which an automobile might be stopped.

■■ It must be borne in mind, that unless the verdict of the jury is plainly wrong or without evidence to support it, this court will sustain it. Under this rule, in view of the verdict of the jury, we will consider all material conflicts in the testimony as settled by the verdict in favor of the plaintiff.

It is earnestly contended by the plaintiffs in error that there is no evidence in the record to establish any negligence on their part. The jury could have reasonably inferred that the automobile was not under proper control from the the trail of blood extending on the highway for thirty-six feet. From this fact the jury could also have reasonably found that the automobile was being driven too fast under the surrounding circumstances.

The trail of blood began at a point two or three feet from the right edge of the hard surface, and from this fact

the jury could have reasonably concluded that the automobile was being operated too close to the children.

The speed and control of the automobile, and where, on the highway, it was being operated were controverted facts before the jury. By their verdict these facts have been resolved in favor of the plaintiff, and their finding will not be disturbed on appeal.

It is earnestly contended by the plaintiffs in error that the proximate cause of the injury to the Burton child was the act of Calpurnia Price in shoving or pushing her in front of the oncoming automobile, and that she alone is responsible.

A great deal has been written about proximate cause. It is difficult to define and nearly impossibly to conclusively explain. The general rules which may be drawn from the decided cases, do not always strikingly apply to the new facts and circumstances which are constantly arising. Each case necessarily must be decided upon its own peculiar facts and circumstances.

Mrs. Price had seen the children standing near the highway a considerable time before the Burton child was injured. The jury evidently concluded that if she had been driving with the automobile under complete control and, under the circumstances, a safe distance from them, at a rate of speed that the conditions then warranted, and exercising the high degree of vigilance required of her, the collision would not have taken place. The jury would have been justified from the evidence in finding that the injury could have been avoided by Mrs. Price, if she had changed her course sharply to the left or by bringing her automobile to a stop.

There being evidence of the negligence of plaintiffs in error and the jury having so decided, they are not permitted to escape responsibility by showing that the other defendant, Miss Calpurnia Price, who was sued as a joint

*tort-feasor* with them, was also responsible. *Williams* v. *Lynchburg T. & L. Co.*, 142 Va., 425, 128 S. E. 732; *Appalachian Power Co.* v. *Mitchell*, 145 Va. 409, 134 S. E. 558.

▇▇ Again it has been argued that, inasmuch as the circumstances which brought about the injury were so unusual, it was impossible for the plaintiffs in error to have foreseen that such an injury would likely occur.

As before stated, Mrs. Price having seen the children near the road, this fact alone constituted a danger signal to her and gave her notice of the risk and danger of the situation, and while she might not have expected and foreseen that the child would be pushed into the road in front of her automobile, yet she was expected to anticipate the danger of an accident in passing the children standing near the road. She was expected to anticipate that they, acting under some childish impulse, heedless of danger and presumptively incapable of exercising the precaution which is expected of adults, might, through their thoughtlessness, expose themselves, in some way, to danger of injury and involve her in an accident.

In the case of *City Gas Co. of Norfolk* v. *Webb*, 117 Va. 269, 84 S. E. 645, this court quoted with approval the statement from *Foster* v. *Chicago, etc., Co.*, 127 Ia. 90, 102 N. W. 422, 424, 4 Ann. Cases 150, that "if the act or omission is one, which the party ought, in the exercise of ordinary care, to have anticipated was likely to result in injury to others, then he is liable for any injury proximately resulting therefrom, although he might not have foreseen the particular injury which did happen."

Applying this rule to the case here, and considering, as we must, the jury's verdict as conclusive of the negligence of plaintiffs in error, Mrs. Price might have reasonably foreseen that an injury might result from such negligence, and this being true, the plaintiffs in error are liable, even though they could not have been expected to have foreseen the particular injury which did happen.

The evidence sustains the finding of the jury that the proximate cause of the injury to the Burton child was the concurring negligence of the plaintiffs in error and Calpurnia Price.

The plaintiffs in error complain of the instructions given and those requested by them and refused, but we find no error in the court's action in this regard. Instruction No. 1 embodied the principle of concurring negligence of two or more parties which produces a single injury and the liability of joint *tort-feasors*. If the negligence of Miss Calpurnia Price and the plaintiffs in error concurred to produce the injury to the defendant in error, then they were all responsible. This instruction simply defined that rule of law, and as there was evidence to support the instruction it was properly given.

Instruction No. 2 deals entirely with the liability of Miss Calpurnia Price and not with the liability of the plaintiffs in error. This, in no way, could have prejudiced the plaintiffs in error.

Instruction No. 5 defines in a general way the duty of an automobile driver when he sees children on the highway. The driver is bound to exercise reasonable care, varying in accordance with the circumstances. Knowing from the immature years of children that they do not exercise sound judgment and will take little precaution for their safety, the driver of an automobile necessarily must increase his vigilance to prevent injury to them as the necessities of the case require.

Instruction No. 8 defines in a general way the duties of drivers of automobiles on a highway. This instruction had no particular application to the facts in this case, but we find nothing in it prejudicial to the plaintiffs in error.

What has been said about instructions Nos. 1, 2 and 5 applies to instruction No. 10 and will not be repeated.

The trial court properly refused instruction A requested by the plaintiffs in error. This instruction would

have told the jury that when the driver of an automobile sees a child on or near the highway in a place of safety, then he has the legal right to presume that the child will remain in a place of safety. When the driver sees an adult, in the possession of his faculties, on or near the highway in a place of safety, he may presume that such adult will remain in a place of safety, but he cannot indulge such presumption when he sees a child near the highway. *Ratcliffe* v. *McDonald*, 123 Va. 781, 97 S. E. 307.

Instruction B, requested by the plaintiffs in error and refused by the court, would have told the jury that if Mrs. Price was driving lawfully at the point of the accident she was not·responsible unless she saw or could have seen defendant in error in a position of peril in sufficient time to have avoided the injury. This instruction was properly refused because Mrs. Price admitted that she saw the children near the highway before she had gone very far after she turned into the highway from a dirt road, which point she testified was a "few hundred yards" west of where the children were standing. As before stated, the driver of an automobile has no right to presume that a child will remain in a place of safety on the side of the road, and in this case Mrs. Price saw the children near the road certainly for several hundred feet, which afforded her a sufficient time to exercise the care and control over the automobile that the circumstances required. It was also her duty to exercise a high degree of vigilance to avoid the children.

Instruction C defines contributory negligence as applied in dealing with an adult. There was no evidence of contributory negligence, and the court was justified in refusing the instruction for that reason.

Another reason why the instruction should have been refused is this: Presumptively a child twelve years of age is not capable of being guilty of contributory negligence.

This feature was ignored in the instruction and for that additional reason it was properly refused.

The fourth assignment of error is to the admissibility of certain evidence of tests made to show in what distance an automobile could be brought to a stop, traveling at ten miles per hour. Two witnesses, Gillespie and Manoni, testified from their experience in operating cars, in what distance a Chevrolet automobile, with two-wheel brakes, on a dry, level road, could be brought to a stop. There was no exception taken in the trial court to this testimony and, so far as it is concerned, objection to it now comes too late. Witness Bland gave his testimony on the subject and the plaintiffs in error duly excepted to it, but the court overruled the exception and permitted his testimony to go to the jury. While it was improper to have admitted the testimony of this witness over the objection of the plaintiffs in error, yet, inasmuch as this testimony is in accord with the testimony of Gillespie and Manoni, who testified on the same point without objection from the plaintiffs in error, and in the light of all of the other evidence in the case, we do not think it was reversible error to admit the evidence in question.

*Affirmed.*