# Wytheville

EVELYN CHAPMAN, AN INFANT, ETC. V. NATHANIEL DILLARD.

June 14, 1934.

Present, Campbell, C. J., and Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*P. A. L. Smith, Jr.,* for the plaintiff in error.

*David Meade White,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

Evelyn Chapman, an infant six years old, by her father and next friend, sued the defendant, Nathaniel Dillard, for damages on account of injuries sustained by being struck by the defendant's automobile.

The plaintiff alleged negligence upon the part of the defendant in the operation of his car. The accident happened just west of or beyond the intersection of Brookland Park boulevard with Meadow Bridge road and Second avenue in Richmond, Virginia. The defendant was driving on Meadow Bridge road accompanied by his wife and a young man named Reginald James. His wife was a teacher and the young man was a student, both of whom he was taking to the institution of learning at which they were engaged. The accident occurred between eight and nine o'clock in the morning. As the defendant proceeded west on Meadow Bridge road he was traveling behind a street car which traversed the same road. He stopped behind the street car and waited for it to pass on and then turned to his left to enter Brookland Park boulevard. In the triangle between Second avenue and Brookland Park boulevard is located the Highland Park public school, which the infant plaintiff attended. On the corner of Meadow Bridge road and Brookland Park boulevard, just across from the school, Gregory's store is located. At the time of the accident the school children were crossing the street from the store location to the school. It was just a little while before the school bell rang. The plaintiff was standing still about three steps off the sidewalk when the defendant's car skidded and struck her, knocking her down. The street was wet. The defendant claimed

that his car did not skid because he had chains on it and was going slow and did not have to put on his brakes suddenly. The plaintiff's evidence tended to prove that the defendant was driving pretty fast. One witness put his speed at from twenty to twenty-five miles an hour. Another witness stated that he was going right fast but she didn't know how fast. An expert automobile mechanic testified that an automobile could skid with the chains on, especially if the street was wet and if the brakes were applied suddenly it could skid with chains on more readily than without chains. Three of the plaintiff's witnesses testified that they saw the car skid and one witness testified that she saw marks on the street where the automobile skidded toward the sidewalk. The defendant testified that he was going at a very slow rate of speed, only about five miles an hour, and that he had no occasion to apply his brakes.

It will be noted that the evidence was conflicting. Upon this evidence the jury found a verdict for the plaintiff, fixing her damages at $325.00. It was in evidence that the plaintiff's leg was lacerated by the impact; that seventeen stitches were required to close the wound; that subsequently she complained of her leg hurting and that her childish activities had been to some extent lessened and impaired. The defendant denied that the impact knocked the child down but his passenger, Reginald James, testified that she was knocked down and that there were some children standing a little way out into the street and that the automobile passed about eight inches from the closest one. The defendant testified that he did not see any children just before the accident happened. The court set aside the verdict of the jury and entered judgment for the defendant.

This case comes here very much as on a demurrer to the evidence. The plaintiff is entitled to have the court adopt the view most favorable to her in the light of her own evidence. It is further to be noted that the accident occurred just across from the school building and about

the convening hour in the morning, when children would naturally be approaching the school from all directions. With these conditions the defendant was presumably acquainted.

This court has repeatedly defined the duty of an automobile driver under the circumstances existent here. In the case of *Ball* v. *Witten,* 155 Va. 40, 154 S. E. 547, it was said, through Justice Gregory, that the driver of an automobile is charged with knowledge of the fact that a child of tender years may be expected to act upon childish impulses and he should take that fact into consideration and exercise the vigilance and the caution which the circumstances demand.

In this connection it will be remembered that Reginald James, a witness for the defendant, and an occupant of the car, testified that there were some children in the street and that they passed within eight inches of one of them. If the defendant did not see them it was his duty to have done so and to have operated his car with such prudence as to have avoided striking the plaintiff, under the circumstances which obtained, even to the point of stopping if necessary and waiting until the children who were in the street had passed safely across.

See, also, the case of *Price* v. *Burton,* 155 Va. 229, 154 S. E. 499.

We think there was enough evidence to warrant submitting the issues to the jury. The jury rendered their verdict and we think the court erred in setting it aside and entering judgment for the defendant.

We reverse the judgment of the lower court and enter judgment for the plaintiff in accordance with the jury's verdict.

*Reversed.*