## Strouss et al. v. Philadelphia Gas Works Company

*N. Shapiro* and *R. M. Bernstein*, for plaintiffs.
*Francis B. Bracken*, for defendant.

ALESSANDRONI, J., June 28, 1935.—The minor plaintiff was severely burned on November 14, 1932, as the result of an explosion while she was lighting a gas heater for hot water. At that time she was 15 years of age. The evidence establishes that the gas heater in question had been in the house for some time and had not given the family any trouble until October 23, 1932, when the odor of gas was noticed on the first floor. Betty Strouss and her mother, Anna Strouss, went to the cellar to ascertain the source of the escaping gas and discovered the gas seemed to center around the gas heater. The following morning at about 7.45 a. m., Betty Strouss went to the cellar and lit the gas heater. A small explosion followed. The flames, however, did not burn the minor plaintiff.

She turned off the gas, told her mother about the incident, and the latter notified the defendant, which sent a man to make the necessary repairs. The defendant's employe arrived at approximately 1 p. m. on October 24, 1932, and remained in the cellar for about 20 minutes. He informed Anna Strouss that there was a leak in the gas heater which he had fixed temporarily and that the odor of gas would be present for a while, that someone else would return to fix it permanently. When Anna Strouss asked him whether it was safe to use the heater he replied: "Don't worry; you can go ahead and use it. You will not have any more explosions." Anna Strouss informed her daughter, Betty, of this conversation, and the heater was not used again until November 14, 1932, when Betty Strouss again went to light the heater and "a large explosion" occurred, injuring her.

The jury disagreed and the defendant has now presented a motion for judgment on the whole record, arguing that Betty Strouss was guilty of contributory negligence as a matter of law in that she tested a known danger. We have carefully examined the authorities covering this question, and are of the opinion that the question of the minor plaintiff's contributory negligence is properly one for the jury. A distinction is made in the cases between the acts of one who has, or should have, technical knowledge of a danger (in which case he is guilty of contributory negligence) and that of the ordinary layman who cannot be presumed to have such knowledge.

In Plonk v. Jessop, 178 Pa. 71, 77, the plaintiff had called the defendant to fix a leak in the gas pipes and noticed that the workman lit a match and placed it along the pipes in order to ascertain the source of the leak. After the workman left, the odor of gas persisted and the plaintiff lit a taper and followed the same procedure as the workmen. He admitted that he knew that gas would explode if brought into contact with light. A compulsory nonsuit was entered against him on the ground

of contributory negligence, but the action of the lower court was reversed by the Supreme Court which stated:

"But the plaintiff having admitted that he knew or had heard that gas would explode if brought in contact with a light, the learned judge below entered a nonsuit on the ground of contributory negligence. In so doing he failed to give sufficient weight to the circumstances, and to the plaintiff's explanation that he did as the plumbers did 'because I saw them hunt in the same way with matches and a taper.' The knowledge of the explosive character of gas certainly may be presumed to be general among persons who have it in their houses, and plaintiff admitted such knowledge. But how far a smell of gas indicates a leak that may safely be searched for with a match or candle, and at what point it means danger of explosion in so doing, is a question requiring judgment and some experience. Plaintiff had seen indications of a leak, had seen it searched for by defendant's men with matches and a light, and had then been told that everything was right. When after that he smelled gas it could not be said as a conclusion of law that he necessarily had reason to suppose he would find anything more than a leak that might be safely searched for with a light as he had seen done by defendant's men earlier in the day. He may have been negligent in going into the attic as he did, but we think it is for a jury and not the court to say so."

A similar situation arose in Diehle v. United Gas Improvement Co., 225 Pa. 494, wherein the plaintiff notified the defendant's watchman of the escape of gas and relied on the watchman's assurance that there was no danger where he was working. An explosion subsequently occurred and a verdict for the plaintiff was sustained.

Likewise, in Lawrence et ux. v. Scranton City, 284 Pa. 215, 223, the Supreme Court stated:

"Was the boy, when he struck the match at the manhole, guilty of negligence as argued by appellee? He could smell the gas, and while his knowledge of its dan-

gerous character was for the jury, his lighting the match under the circumstances, says defendant, made the act a case for the court. We may concede a part of this statement as indicated in Plonk v. Jessep, supra. Escaping gas is dangerous, but the point at which it becomes dangerous is not a well-known fact. One may approach to within a certain distance from a leak with a light in safety, but, in approaching, that point is reached where the mixture of gas and air becomes dangerous. The location of this point is difficult to determine."

"It is not contributory negligence per se to use a match or lighted candle in trying to discover a gas leak, or to enter with a light a cellar or other closed place into which gas is escaping: City Gas Co. v. Webb, 117 Va. 269, 84 S. E. 645; Schmeer v. Gaslight Co., 147 N. Y. 529, 42 N. E. 202, 30 L. R. A. 653; Plonk v. Jessop, supra; Stoner v. Pennsylvania Fuel Supply Co., supra."

To the same effect it cannot be said that the minor plaintiff was guilty of contributory negligence per se in endeavoring to light the gas heater, even though the odor of gas was present, for she neither had technical knowledge of the explosive nature of gas, nor could she be at the time charged with knowledge of danger relying as she did upon the assurance given by one of the defendant's employes that no further explosion could occur. The question of her contributory negligence was properly one for the jury, there being no evidence to indicate as a matter of law that she was cognizant of any danger under the circumstances.

The defendant relies primarily upon four decisions in this jurisdiction in support of its motion. We have carefully considered them and conclude that they are either distinguishable or in line with the principle already discussed.

In Beittenmiller v. Bergner & Engel Brewing Co., 22 W. N. C. 33, a carpenter who was working in an ice house was compelled to leave it because of the strong odor of ammonia. The superintendent of the brewery

informed him after an hour that the ammonia was not then so bad and he returned to the ice machine house where he came in contact with a hole in the wall from which ammonia escaped, causing injury. That case, however, differs on its facts from the present case in that the carpenter knew when he returned to the ice machine house that ammonia was still escaping and that it was dangerous, whereas the minor plaintiff in the case now before us did not know of the danger, and in fact relied upon the opinion of a technical expert, one of the defendant's workmen, that the gas would not explode.

The case of Diehl v. Lehigh Iron Co., 140 Pa. 487, involves an employee engaged to blast salamander from the bottom of an iron furnace. He was injured when he placed dynamite in a hole which he had drilled when he knew that it was red hot. The plaintiff was familiar with dynamite and knew or should have known that it would explode. Moreover, he had not been ordered to place dynamite in the furnace when it was red hot. The difference between that and the case at bar is obvious.

Wagner v. H. W. Jayne Chemical Co., 147 Pa. 475, cited by the defendant, is in reality an authority against the motion. There a laborer was affected by the fumes in the chemical plant but returned to work when told by the defendant's superintendent that it was not harmful. The Supreme Court held that the questions of negligence and contributory negligence were properly for the jury as a laborer could not be charged with a technical knowledge of the danger of nitric acid fumes. In the same manner, the minor plaintiff in the case now before us cannot be charged with the technical knowledge of the explosive danger of escaping gas, especially when relying upon the assurance of an expert that there was no danger.

The case of Oil City Gas Co. v. Robinson, 99 Pa. 1, cited by the defendant, is open to the same criticism.

And now, to wit, June 28, 1935, the motion for judgment on the whole record is refused.