# Richmond

## ROY SCOTT, AN INFANT, BY HIS NEXT FRIEND V. J. J. CRAWFORD.

April 10, 1939.

Record No. 2058.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Spratley, JJ.

The opinion states the case.

*Gilbert E. Pence* and *F. H. Brumback,* for the plaintiff in error.

*Sinnott & May, V. P. Randolph, Jr.,* and *Richard S. Wright, Jr.,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

We have before us for consideration the circumstances and the consequences of an accident which occurred on January 8, 1936, in the afternoon. Roy Scott, an infant of the age of nine years and about eleven months, was the victim. He was riding a bicycle on the margin of the macadamized portion of the highway between the towns of Strasburg and Front Royal, Virginia. It was just outside of Strasburg and the boy was proceeding toward Front Royal. The road runs north and south. He was on the west side, where he should have been.

A young man, twenty-seven years old, J. J. Crawford, was driving a five passenger coach automobile on the same afternoon, going on the same road and in the same direction as the boy on the bicycle. The boy was struck by Crawford's automobile and quite severely injured.

The infant, by his next friend, instituted suit against Crawford to recover damages for the injuries which he sustained, which were alleged to be $2,500.00. At the trial of the case, after the plaintiff had put on his evidence, the defendant moved to strike it, on the ground that it failed to prove negligence on the part of the defendant. The court indicated an intention to sustain the motion when the plaintiff sought to strengthen his case by calling the

defendant as a witness. This concluded the evidence. The motion to strike was renewed, and was sustained.

At this juncture, the court made the following observation:

"Gentlemen of the jury, the court instructs you that the evidence introduced by the plaintiff is not sufficient upon which a verdict could be rendered in favor of the plaintiff, because, in the opinion of the court, there has been no evidence to prove negligence on the part of the driver of the car.

"You are required by the law to render a verdict, and this court cannot instruct what verdict you shall return, but I say to you in frankness that if you were to render a verdict in favor of the plaintiff, I should be compelled to set it aside, because, in my opinion, there has not been evidence to sustain such a verdict.

"I will ask you to write your verdict and return it into court."

The jury, of course, found a verdict for the defendant, which was confirmed by the court. The case is before us upon a writ of error granted by this court upon the petition of the plaintiff.

There are three assignments of error, but, in our view, we need consider only that which comprehends the contention that the evidence was sufficient to cause the court to reject the motion to strike it and, upon appropriate instructions, submit the issue of negligence, as well as the other issues, to the jury.

The facts here must be stated from the evidence and accepted in the light which is most favorable to the plaintiff, where there is conflict. This is elemental. No precedents need be cited in its support.

The accident happened in the broad daylight; the boy was riding the bicycle on the side of the road where he should have been; the road was straight, from the curve just outside of Strasburg, for a distance of 525 feet to the place of the accident; there was nothing on the road between them to prevent the automobilist from seeing the

boy and the bicycle ahead of him, in fact, he said he saw the boy on the shoulder of the road when he was 300 feet away; the speed of the automobile was estimated at from forty to forty-five miles, it may have been going faster, for the witness, Nicholas, who was chopping wood not more than fifty feet from the road, said that a few minutes after the boy passed him the automobile went by, and it was going so fast that he "wondered what was going on"; the automobile was not brought to a stop until it had proceeded a hundred feet beyond the injured boy; Nicholas said that Crawford did not sound his horn before the accident, though the strength of this statement was impaired by his admission on cross examination that he was not paying particular attention to that feature of the incident. Mrs. Crider was hanging out laundry about twenty feet from the road, and she was only from fifty to one hundred feet from the place of the accident. She was asked on cross examination if she was paying attention to a horn being blown. She replied that she was not, but, that she "was close and did not hear any"; both of these witnesses said that the noise of the impact sounded like two cars hitting together; when the boy was picked up he was on the right hand side of the road, where he had been all the time.

So far as the record shows the witnesses for the plaintiff were disinterested.

The defendant testified that when he came around the turn that he was traveling at a speed probably as high as thirty-five miles and that he saw the boy on the bicycle and reduced his speed and sounded his horn and pulled to the center of the road to avoid hitting him.

In the light of the facts which we have stated, it is for the jury to say. If he had pulled to the center of the road he would not have struck him, for the boy was never anywhere else than on the right side of the road, either before or after the accident according to the evidence. The defendant was just mistaken. He doubtless thought he did what he said he did. It is notable that there was no traffic

on the road at the time. There was nothing to take the attention of the driver from the operation of his car.

■■ We think there was sufficient evidence to warrant the submission of the case to the jury when the fact of the age of the plaintiff is properly considered. This heightens the degree of care due, under the circumstances here, by an adult automobilist to an infant of tender years. It is his duty to have his automobile under control, even to the extent of stopping it, if, in the occasion, that be necessary.

We have an enlightened treatment of this subject in the cases of *Ball* v. *Witten,* 155 Va. 40, 154 S. E. 547, and *Price* v. *Burton,* 155 Va. 229, 154 S. E. 499, 501, in both of which Mr. Justice Gregory wrote the opinions.

In them is accentuated the duty of automobile drivers to children of tender years. It was said that the fact that the driver of an automobile had seen children near the road constituted a danger signal and from the latter case we quote:

"As before stated, Mrs. Price having seen the children near the road, this fact alone constituted a danger signal to her and gave her notice of the risk and danger of the situation, and while she might not have expected and foreseen that the child would be pushed into the road in front of her automobile, yet she was expected to anticipate the danger of an accident in passing the children standing near the road. She was expected to anticipate that they, acting under some childish impulse, heedless of danger and presumptively incapable of exercising the precaution which is expected of adults, might, through their thoughtlessness, expose themselves, in some way, to danger of injury and involve her in an accident."

The defendant in the case in judgment said the boy was on the shoulder of the road when he saw him. He may have expected him to remain there, but it is not improbable that the boy, finding that the shoulder was not as comfortable for his wheel as the macadam, returned to the smooth road and was then struck.

See also, the case of *Richardson* v. *Shank*, 155 Va. 240, 246, 154 S. E. 542, 545, and cases therein cited.

As was said in the above case: "We are of the opinion that the plaintiff was entitled to have the jury consider and pass upon the testimony which he adduced." We reverse the judgment of the trial court and remand the case for a new trial.

*Reversed and remanded.*