# Richmond

## Philip Myers, Who Sues, Etc. v. Alfred Bush.

November 24, 1941.

Record No. 2418.

Present, All the Justices.

The opinion states the case.

*Preston P. Taylor,* for the plaintiff in error.

*Rixey & Rixey,* for the defendant in error.

Gregory, J., delivered the opinion of the court.

Philip Myers, eight years of age, instituted an action by his next friend against Alfred Bush for damages. The damages grew out of injuries received when Philip was struck by the defendant's truck. The case was submitted to a jury who found a verdict for the plaintiff for $400. The court set aside the verdict and entered final judgment for the defendant.

The evidence was conflicting, but stated in a favorable light for the plaintiff it discloses that the accident occurred about 3 p. m., on December 5, 1939, on an improved highway which passes Bell's Mill School in Norfolk county. It occurred just east of the school in a school zone which is properly designated by signs. At the time, school was over and the children were leaving, walking on the highway. The plaintiff with another small boy had reached the dirt shoulder on the south side of the highway. They were proceeding easterly on the dirt shoulder when the plaintiff was struck from behind by defendant's truck and knocked into the ditch. The truck was being driven in an easterly direction.

We think the finding of the jury was supported by the evidence. The verdict exonerated the plaintiff of any contributory negligence. It also established the actionable negligence of the defendant.

The truck ran over on the dirt shoulder and struck the child. It is argued that inasmuch as the point of impact on the truck was not the front end, this would conclusively indicate that the child ran into the side of the truck. The evidence does not tell us the exact part of the truck that actually hit the child, but it does tell us that the truck did hit him, and that at the time he was on the dirt shoulder.

The jury could have found that the truck driver was negligent in driving on the dirt shoulder when the children, who were bound to have been seen by him if he looked, were also proceeding on the same dirt shoulder.

The degree of vigilance required of drivers of motor vehicles when they encounter children on the highway has been stated and restated in our opinions. It would accomplish no good purpose to restate the rule here. A reference to our cases will suffice. They are controlling. *Ball* v. *Witten*, 155 Va. 40, 154 S. E. 547; *Price* v. *Burton*, 155 Va. 229, 154 S. E. 499; *Wash* v. *Holland*, 166 Va. 45, 183 S. E. 236; *Wynn* v. *Gandy*, 170 Va. 590, 197 S. E. 527; *Scott* v. *Crawford*, 172 Va. 517, 2 S. E. (2d) 301.

The judgment is reversed, the verdict of the jury is reinstated and judgment is here entered thereon.

*Reversed.*