# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William K. Glover,**
**Petitioner Below, Petitioner**

**FILED**

**October 4, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 13-0044** (Randolph County 12-C-133)

**Marvin Plumley, Warden, Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner William K. Glover, appearing *pro se*, appeals the order of the Circuit Court of Randolph County, entered December 21, 2012, that denied his petition for writ of habeas corpus. Petitioner challenged a December 6, 2011, decision of the West Virginia Parole Board ("the Board") to deny petitioner parole. Respondent Warden, by counsel Steven R. Compton, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is currently an inmate at Huttonsville Correctional Center. Prior to this current incarceration, petitioner had been previously incarcerated and then paroled. However, according to petitioner, that parole was revoked by the Parole Board on January 31, 2011, because of misdemeanors he committed in the Commonwealth of Kentucky. When petitioner next appeared before the Board on December 6, 2011, it declined to parole him a second time. In denying parole, the Board stated that its decision was based on the circumstances of his underlying offense,[1] the fact that he violated his parole by committing subsequent offenses, and his history of thirty-five "write-ups" while in prison.

On August 3, 2012, petitioner filed a petition for writ of habeas corpus challenging the Parole Board's decision to deny his request for parole. Petitioner also raised the issue of whether the Board was "time barred" from revoking his first parole in January of 2011. In an order entered December 21, 2012, the circuit court denied the petition because petitioner "provide[d] absolutely

---

[1] In 1985, petitioner was convicted of first degree murder for which he was sentenced to a life term with the possibility of parole.

no evidence that the [Board] acted in an arbitrary and capricious manner" in denying petitioner parole in 2011.[2] Petitioner now appeals the circuit court's December 21, 2012 order.

We review a circuit court's denial of a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

This Court first addresses whether petitioner, on appeal, has properly raised his claim that the Parole Board was "time barred" from revoking his parole in January of 2011. Respondent asserts that petitioner's argument in support of this issue is so deficient that he has waived the issue. Under Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, the Court "may disregard errors that are not adequately supported by specific references to the record on appeal." While petitioner includes in his appendix documents he believes support his contention that the Board was "time barred," he has submitted nothing to show when his criminal proceedings in Kentucky concluded and when he was returned to this State. Such an omission is significant because those criminal proceedings and petitioner's absence from West Virginia each tolled the running of the time period the Board had to hold petitioner's parole revocation hearing. *See* W.Va. Code R. §§ 92-1-11.d.2 and .3 (2012); *State ex rel. Valentine v. Watson*, 208 W.Va. 26, 33-34, 537 S.E.2d 647, 654-55 (2000). Therefore, this Court concludes that petitioner's argument, that the Board was "time barred" from revoking his parole, is waived because the argument is not adequately supported by specific references to the record.[3]

Second, petitioner argues that the Board's December 6, 2011 decision was erroneous because it was supported by inadequate findings. Respondent argues that the Board had sufficient grounds for the denial of parole. In Syllabus Point Three of *Rowe v. Whyte*, 167 W.Va. 668, 280

---

[2] The circuit court's December 21, 2012 order denying the petition does not specifically address petitioner's claim that the Board was "time barred" from revoking his first parole in January of 2011. However, petitioner assigns no error to the lack of specific findings of fact and conclusions of law on that issue and, as such, this Court deems the lack of specific findings to be waived.

[3] Assuming arguendo that this issue were properly raised on appeal and proved meritorious, in *State ex rel. Valentine v. Watson*, 208 W.Va. 26, 537 S.E.2d 647 (2000), this Court ruled that the remedy for an unreasonable delay in the holding of the petitioner's final parole revocation hearing was to award the petitioner "good time" credit, if otherwise warranted, for the additional time the petitioner spent in jail because of the Board's delay. The Court in *Valentine* did not order the petitioner's release.

S.E.2d 301 (1981), this Court held as follows: "The decision to grant or deny parole is a discretionary evaluation to be made by the [Board]. However, such a decision shall be reviewed by this Court to determine if the [Board] abused its discretion by acting in an arbitrary and capricious fashion." Upon a review of the Board's December 6, 2011 decision, this Court finds that the reasons the Board had for denying petitioner parole shows that it did not act in an arbitrary and capricious fashion. After careful consideration, this Court concludes that the circuit court did not abuse its discretion in denying petitioner's habeas petition.[4]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 4, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[4] Petitioner notes that on December 3, 2012, the Board once again denied him parole. Inasmuch that the December 3, 2012, denial of parole was not a subject of the instant petition, it is not properly before this Court on appeal.