PISAREK, by next friend, Appellant, vs. SINGER TALKING
MACHINE COMPANY, Respondent.

*October 16—November 11, 1924.*

*Automobiles: Excessive speed: Violation of statute: Negligence:
Reasonable anticipation of injury to others: Question for
jury: Children in street: Contributory negligence of three-
year-old child: Excessive damages: Injury on unexposed part
of body: Trial: Photographs during healing period: Harm-
less error.*

1. A three-year-old child is incapable of contributory negligence.
   p. 94.
2. A violation of sec. 85.08, Stats., either by driving a motor
   vehicle more than fifteen miles an hour or by reckless driving
   at an unreasonable speed, constitutes actionable negligence
   where there is a causal connection between the violation and
   an injury to another; and the speed may be unreasonable
   though under fifteen miles.   p. 95.
3. Driving a motor vehicle at a rate of speed which prevented the
   driver from stopping it in time to avoid an accident consti-
   tutes actionable negligence, if the driver should reasonably
   have anticipated that injury might result to some one by rea-
   son of such rate of speed.   p. 95.
4. A truck driver might have properly assumed that adults would
   not run in front of his truck when it was within a few feet
   of them, but this does not apply to three-year-old children.
   p. 96.
5. The question whether the driver of the truck should have an-
   ticipated that plaintiff would run in front of the truck is for
   the jury.   p. 96.
6. A verdict of $1,000 for contusions of the lower abdomen and
   on the right leg, eight days' confinement to a hospital, two
   months at home, four months' inability to walk thereafter or
   to sleep or rest well, the sloughing of a large surface of the
   middle of the right leg and about the knee joint, resulting in
   an ulcer about three quarters of an inch deep, and permanent
   scars on the leg, is *held* not excessive.   p. 97.
7. The introduction of photographs showing the ulcers or sores
   on plaintiff's leg during the healing process, where the attend-
   ing physician had amply described such condition and the
   appearance of the leg, is *held* not prejudicial, in view of the
   moderate verdict of $1,000.   p. 97.

APPEAL from an order of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

This action was commenced in the civil court of Milwaukee county to recover damages for personal injuries. It appears that on the 1st day of May, 1922, plaintiff, a little girl three years of age, with a little boy companion of about the same age, was crossing Fourth avenue, running north and south, in the city of Milwaukee, proceeding from the west to the east side thereof. Defendant's truck was proceeding in a northerly direction on said street. The driver of the truck saw the children when he was at a distance of from sixty to sixty-five feet from them. He sounded the horn and shut off the gas, but did not apply the brakes, and continued his course about seven or eight feet from the east curb. The children stopped somewhere near the middle of the street and stood there until the truck came within five or six feet of them, the left-hand side of the truck being about three feet east of where they were standing. At that time, that is to say when the children were about three feet west of the left-hand side of the truck and five feet north of the front end thereof, the plaintiff suddenly attempted to cross the street in front of the truck and was struck by the left end of the bumper in front of the truck.

The case was tried in the civil court before a jury. The jury returned a special verdict finding that the truck was operated at an excessive rate of speed and that the driver failed to apply the brakes as soon as he should have in the exercise of ordinary care, and that such excessive rate of speed and failure to apply the brakes were both proximate causes of the injury. Damages were assessed at the sum of $1,000. Judgment was rendered in favor of the plaintiff upon this verdict. From the judgment so rendered the defendant appealed to the circuit court for Milwaukee county where the judgment was reversed and new trial in that court ordered. From that order plaintiff appeals to this court.

*Maurice A. Goldberg* of Milwaukee, for the appellant.

For the respondent there was a brief by *Harvey M. Burns,* attorney, and *Hoyt, Bender, McIntyre & Hoyt,* of counsel, all of Milwaukee, and oral argument by *Mr. E. L. McIntyre* and *Mr. Burns.*

OWEN, J.    There is nothing in the record to indicate the grounds upon which the circuit court reversed the judgment of the civil court and granted a new trial in the circuit court. The respondent contends that the order may be sustained upon three grounds: first, that there was no evidence upon which to sustain the judgment; second, that the court erred in admitting certain photographs in evidence; and third, the damages are excessive.

It is apparent that the court did not reverse the judgment because there was no evidence to sustain it, as, if such had been the view of the court, a new trial would not have been granted in the circuit court.    However, in response to the contention made in that behalf by respondent's attorney, it is necessary for us to consider whether the judgment of the civil court was without any evidence to support it.    Since the plaintiff was only three years of age, there is no question of contributory negligence to consider, and the only question is whether there was actionable negligence on the part of the driver of the truck.

·. There was considerable evidence upon the question of the rate of speed at which the driver was proceeding at the time of the accident, and it appears that considerable weight was attached to the question of whether the truck was proceeding at a greater rate of speed than fifteen miles per hour—the statutory limit of the speed of motor vehicles in cities.    There was testimony on the part of the plaintiff that the truck was running from twenty to twenty-five miles an hour, while the driver of the truck testified that it was running from ten to twelve miles an hour.    It is conceded that the truck stopped within twelve or fifteen feet

after striking the child, which fact is hardly consistent with a speed of twenty or twenty-five miles an hour. However, we do not regard the exact rate of speed as controlling or, in fact, very material.

The statute, sec. 85.08, prohibits the driving of motor vehicles upon city streets at a greater rate of speed than fifteen miles per hour. But this is not the only limitation. The same section provides that "No person shall operate a motor vehicle recklessly or at a rate of speed greater than is reasonable and proper with regard to the width, traffic and use of the highways and the rules of the road, or so as to endanger the property, life or limb of any person." A violation of these statutory limitations constitutes actionable negligence where there is causal connection between the violation and the injury. *Steinkrause v. Eckstein,* 170 Wis. 487, 175 N. W. 988. Waiving the question of whether the truck was going in excess of fifteen miles an hour, it must be considered whether the truck was going at a speed that was "greater than is reasonable and proper . . . or so as to endanger the property, life or limb of any person." Whatever the speed of the truck, it is apparent from the accident itself that it was going at a rate of speed which prevented the driver from stopping it in time to avoid the accident. This would seem to constitute actionable negligence if the driver of the truck should reasonably have anticipated that injury might result to some one by reason of such rate of speed—if an ordinarily prudent and intelligent person ought, in the exercise of such intelligence, to have foreseen that an injury might probably result from such rate of speed. *Meyer v. Milwaukee E. R. & L. Co.* 116 Wis. 336, 93 N. W. 6. In considering the situation there existing, it must be remembered that the driver of the truck saw these two children, three years of age, standing in the middle of the street. He did not apply the brakes and he did not slow down the truck further than resulted from the mere shutting off of the gas. He drove the truck on a line which brought the

left-hand side thereof within a distance of three feet from where the children were standing, notwithstanding the fact that the truck was seven or eight feet from the east curb according to his own testimony. He testified that when he sounded his horn a distance of from sixty to sixty-five feet from the children, they looked, saw the truck coming, and stopped. Were they adults he might have assumed that they would not attempt to cross in front of the truck. But they were not adults. They were small children three years of age. Children of this tender age do not act as adults do, and it is proverbial among automobile drivers that one can never tell what children in a street will do. They exercise neither caution nor judgment, for these are faculties which children of that tender age have not acquired. They act upon intuition and impulse and are apt to do most unexpected things. It cannot be said as a matter of law that the driver of the truck should not have anticipated conduct on the part of one or both of these children similar to that of the plaintiff. Whether he should have so anticipated is a jury question. The jury having found negligence on the part of the driver of the truck, that such negligence constituted the proximate cause of the injury, and no complaint being made as to the manner of the submission of the question to the jury, the judgment should not have been disturbed by the circuit court on the ground that there was not sufficient evidence to support it.

The plaintiff sustained a number of contusions of the lower abdomen and on the right leg. She was confined to a hospital for about eight days. She was confined to her bed at home for about two months, during which time she suffered pain. She was unable to walk on her leg until about four months after the injury. During this time she did not sleep or rest well. She still complained of pain in her injured leg at the time of trial. There was a sloughing of a large surface of the middle of the right leg and a similar surface about the knee joint. This sloughing resulted in an

ulcer about three quarters of an inch deep. The leg is scarred in a number of places, which scars are permanent in their nature and will remain with the little girl all her life. It is claimed that the damages of $1,000 are excessive. We cannot so hold. When it is reflected that she was confined to her bed for two months, could not walk on her leg for four months, during all of which time she suffered more or less pain, and that her person is permanently scarred, we cannot say that the damages are excessive. A personal blemish, even though it be on an unexposed portion of the body, cannot be regarded as *dammum absque injuria,* and, if it is to be compensated at all, the amount allowed for that element by this verdict must have been quite modest.

There were introduced in evidence two photographs showing the ulcers or sores on the plaintiff's leg during two different stages of healing. It is urged that the reception of these photographs in evidence was error. Reliance is placed on *Baxter v. C. & N. W. R. Co.* 104 Wis. 307, 80 N. W. 644, and *Selleck v. Janesville,* 104 Wis. 570, 80 N. W. 944. The rule laid down in the *Selleck Case* at page 575 is that "where photographs are not substantially necessary or instructive to show material facts or conditions, and are of such a character as to arouse sympathy or indignation, or divert the minds of the jury to improper or irrelevant considerations, they should be excluded." We can see no reasonable necessity for the introduction of these photographs. The condition of the injured leg was amply described by the attending physician, and the appearance of the leg during the process of healing was quite irrelevant to any element of damages which the jury had any right to consider. We would have been better satisfied had they been excluded. However, we cannot regard their presence in the case as prejudicial to the defendant. They add nothing to the testimony of the physician. They disclose what appear to be sores or ulcers in a state of healing. They do not present a situation which would be likely to arouse passion or sym-

pathy.   We do not think the damages assessed reflect such a result.   We cannot regard the error as prejudicial.

We are unable to discover any reason justifying a reversal of the judgment of the civil court.   The order of the circuit court should have been in affirmance of that judgment.

*By the Court.*—The order appealed from is reversed, and the cause remanded with instructions to the circuit court to enter an order affirming the judgment of the civil court.