VALCOUR v. THE SIMON HUBIG COMPANY, INC.

(May 10, 1926, Opinion and Decree)

(*Syllabus by the Court.*)

1. **Louisiana Digest — Automobiles — Par. 7 (a).**
Where the evidence shows that an eight-year-old boy, in charge of his eleven-year-old sister, suddenly left his sister and darted across the roadway and in front of a motor truck, which ran over and injured him the accident will be attributed to the reckless conduct of the boy and there can be no recovery of damages against the owner of the motor truck.

Appeal from Section "D" of the Civil District Court, Hon. Porter Parker, Judge.

Action by George Valcour, for the use and benefit and in behalf of his minor son, George Joseph Valcour, Jr., against The Simon Hubig Company, Inc. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

A. J. Bonomo, of New Orleans, attorney for plaintiff, appellant.

Lemle, Moreno and Lemle, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. Plaintiff, on behalf of his minor son, George Valcour, Jr., brings this action for damages for physical injuries sustained by his said son as a result of his having been run over by a motor truck operated by an employee of the defendant corporation.

The negligence charged consists of the alleged excessive speed of the truck and want of control by the driver thereof.

The defendant denies all charges of negligence and avers the accident was unavoidable.

There was judgment for defendant and plaintiff has appealed.

The injured child was a small negro boy eight years old, and, at the time of the accident, was in charge of his sister, who was eleven years old.

The accident occurred at a point where St. Bernard street, New Orleans street and Claiborne Avenue lead into a circular neutral ground with a sidewalk as the circumference of the circle. Defendant's chauffeur testified that as he was driving on the roadway which is adjacent to the sidewalk, surrounding the circle, from the direction of the river, toward the lake, the boy suddenly ran across the roadway, from the direction of New Orleans street, with the evident intention of reaching the sidewalk on the neutral ground; that there was no opportunity to stop his truck, in time to avoid hitting the child, but he applied the brakes and turned to the left, in the direction of, and drove upon the sidewalk in an effort to avoid the child.

The chauffeur corroborated by a defense witness by the name of Samuel Jones, a bystander wholly disinterested, and to a certain extent by a witness for plaintiff by the name of Hazel Joseph who says that when she first saw the child he was so near the truck, that there was not time to shout to him in an effort to warn him of the danger.

On the other hand we have only the testimony of Edna Valcour, the eleven-year-old sister of the injured boy who corroborates defendant's witness in regard to the boy darting across the street for she says that she was walking with her brother up to the time they reached the corner of Claiborne street but when he was hurt he "had got across" the street and she was still on the opposite sidewalk.

No other witness for plaintiff saw the accident except Hazel Joseph who as we said supports defendant in an important particular.

The charge of excessive speed is not sustained. Only the front wheels passed over the child indicating moderate speed as claimed by defendant but in any event the cause of the accident was the recklessness of the child in darting across the street in front of the truck. Montfort vs. Schmot, 36 La. Ann. 750.

For the reasons assigned the judgment appealed from is affirmed.