**FONTAINE v. DORSEY**

---

(December 15, 1930. Opinion and Decree.)

---

John J. Wingrave, of New Orleans, attorney for plaintiff, appellee.

Hugh M. Wilkinson, A. Miles Coe, Fred W. Oser and Harry Nowalsky, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Lawrence Fontaine, Jr., on whose behalf his father brings this action, was knocked down by a truck owned and operated by the defendant at the intersection of Gov. Nicholls and Bourbon streets.

From a judgment awarding plaintiff damages in the sum of $455, defendant has appealed.

The accident occurred on the 28th day of June, 1929, in broad daylight, when the Fontaine boy, who was ten years old, had almost succeeded in crossing the intersection from the lake to the riverside corner of Bourbon street. The defendant's truck was being driven down Bourbon street in

the direction of Esplanade avenue. The accident was due, in our opinion, to the failure of the driver of the truck to so regulate its speed after the appearance of the boy in his path to permit the child to cross in safety. The driver was either not looking in front of him, as was testified by one of the witnesses, and therefore did not see the boy in time, or, if he saw him, he did not apply his brakes in time to stop. When children are seen in the pathway of a motorist, extraordinary precaution should be observed to avoid injuring them. Jacoby v. Gallaher, 10 La. App. 42, 120 So. 888.

The driver of the truck testified that the boy ran out from the sidewalk just before he reached the intersection, but his statement is not supported by the evidence, which clearly preponderates to the contrary. As was said by the judge a quo:

"The negligence in this case was the failure of the driver, at the speed he was going, to have kept the proper lookout to be in a position to see these children (Lawrence was with his brother at the time) walking across the street. I cannot assume that the testimony of the driver is correct when it is contradicted by three witnesses."

As to the quantum, it does not appear to us to be excessive. No bones were broken but the boy suffered a slight concussion of the brain. He was taken to the Charity Hospital, removed to his home, where he was confined to his bed for several days, and was under treatment for several months, incurring a medical expense in the sum of $55.

For the reasons assigned, the judgment appealed from is affirmed.