Arthur Letellier
vs.
Arthur Coutu
} No. 87408.

March 12, 1932.

BLODGETT, P. J. Heard without the intervention of a jury.

Action to recover damages for the death of a child.

Defendant was the owner of an automobile driven by an employee. Plaintiff is the father of the child, a girl between two and three years of age.

The accident occurred on Hunt Street, Central Falls, June 3, 1931, about 6 o'clock in the evening. The day was clear. The little girl, who had been allowed by the mother to play in the yard, wandered out upon the sidewalk and in attempting to cross Hunt Street was struck and killed by the car driven by an employee of defendant.

No question is raised upon the record that said employee was using the car without consent of the owner.

The driver of the car, a young man, was proceeding along Hunt Street toward Broad Street, on the right hand side of the road. He testified to passing a car parked on right hand side of Hunt Street and then turning in toward the right hand curb, and continuing about three feet from same;

that two young women were seated beside him on the front seat; that he did not see the child until she was struck by the front right hand bumper on his car; that the speed of the car was about twenty miles per hour; that the child was carried on the bumper a short distance and dropped off; that he applied his brakes when he saw the child and stopped the car shortly after the child dropped off the bumper.

Augustus J. Hampton, an investigator of the State Board of Public Roads, testified he was called June 3, 1931, to make an investigation of the accident; that on examination of the car, he found the brakes in good condition and that he was able to stop the car when driven at the rate of 20 miles per hour within 12 feet, using the foot brake; that the width of the road was 22 feet between curbs, and the width of the sidewalk 3½ feet; that he found a blood spot 9 feet from north curb; that the surface of the road was macadamized and there was some loose sand on surface; that he found no brake marks on the surface; that the driver of the car stated he was going from 20 to 25 miles per hour.

A witness testified that his car was parked on the opposite side of Hunt Street; that he saw car of defendant coming toward him quite fast; that he first saw child between the bumper of defendant's car and the radiator; that the child was carried 75 feet before the child dropped; that the car then continued some distance, that he saw children on the sidewalk.

Another witness in a truck across Hunt Street saw the little girl run across the sidewalk and out into the street; said the car picked her up on the bumper; that the car was going 25 or 30 miles per hour about 3 feet from right hand curb; that he feared child would jump into the car.

One of the young women on the front seat of car of defendant saw the child on the sidewalk about 100 feet distant.

Hunt Street is testified to as a thickly built up section.

Liability for the accident depends upon the rate of speed of the car under all the circumstances of the situation, and upon whether the driver of the car of defendant should or could have seen the child upon the sidewalk and have had his car under such control that he could have stopped on seeing the child.

This child was nearly three years old, and so young that contributory negligence could not be imputed to her.

*Pisarek* vs. *Singer Talking Mch. Co.*, 185 Wis. 92.

"If an automobile driver, who struck a child on street in residence district, in the exercise of ordinary care could have seen the child in time to prevent the injury to him, it was negligence to fail to see him."

*Fitzgerald* vs. *Norman*, 252 S. W. 43.

One of the passengers in car of defendant saw the child on the sidewalk some distance away. The driver in present case failed to see what with ordinary care he could have seen.

It was testified that the brakes were in good condition and that upon trial of the car at 20 miles per hour the car was stopped within 12 feet.

The child was seen on sidewalk by the passenger on the front seat at least 75 feet away.

In the opinion of the Court the driver was negligent in failure to see what the passenger on the same seat saw and which by ordinary care he could have seen, and that he should have had his car, travelling within 3 feet of the curb of the sidewalk where the child was, under such control as to have been able to stop immediately, and that contributory negligence cannot be imputed to a child less than three years of age.

The computation of damages for the

death of a child under three years of age, under the testimony as to the health of the child, its station in life, and the means of the father and the size of the family, is mere guess work.

Decision for plaintiff for $1000.

For plaintiff: Charles F. Risk.

For defendant: Daniel E. Geary.