JAMES WEBSTER, JR., Administrator, Appellant, v. FRED LUCKOW, Appellee.

No. 42532.

FEBRUARY 5, 1935.

REHEARING DENIED JUNE 21, 1935.

Salinger, Reynolds & Meyers, for appellant.

Malcolm Currie and Whitney, Whitney & Stern, for appellee.

DONEGAN, J.—The plaintiff in this case, as administrator of the estate of his deceased son, Clarence John Webster, brought this action to recover damages because of the death of such son, which it is claimed was caused by the negligence of the defendant. Briefly, the facts of the case are that decedent, a ten-year-old boy, together with several other children, was walking westward on his way home from school along a graveled road, and the defendant approached said children in his Ford model A automobile from the rear traveling in the same direction. As defendant reached a point estimated by him at a block and a half to two blocks from the group of chil-

dren, he testified that he sounded his horn twice in immediate succession, and that thereupon the children, who were spread out over the road, separated, one portion of the group traveling near the edge of the traveled portion of the road on the south side and the other portion of the group traveling in a like position on the north side of the traveled portion of the road; that there was a space of approximately 12 to 15 feet between the two groups; that defendant at the time he first noticed the children and sounded his horn was traveling at from 30 to 35 miles an hour, and as he came nearer to them he slowed down to approximately 15 miles per hour; that, as he reached the two lines of children on opposite sides of the road and was passing between them, the decedent suddenly ran out from the south side of the road directly in front of defendant's car; and that defendant was unable to stop the same before the decedent was struck. There is some testimony on the part of the plaintiff's witnesses that they did not hear the horn until after they had heard the noise of the car approaching, and that the horn was not sounded until the car was within about two car lengths of the group; there is also testimony on the part of the plaintiff's witnesses tending to show that the decedent ran northwesterly from the south side of the road toward the north side of the road, and that, when he had reached a point near the edge of the traveled portion of the north side of the road, he turned and ran southwesterly toward the south side of the road. This difference in the evidence, however, does not affect the questions that are involved in this case. The case was tried and submitted to a jury, which returned a verdict in favor of the defendant. A motion for new trial and exceptions to the instructions were filed in due time and overruled by the court, and judgment entered on the verdict. From such judgment the plaintiff appeals.

I. The first and admittedly most important question involved in this appeal concerns the court's instructions as to the alleged negligence of the defendant. Instructions 13 and 14 given by the court, and of which complaint is here made, are in part as follows:

"13. In this connection you are told that the driver of a motor vehicle upon the public highway must drive his car carefully and keep a lookout for persons walking in the highway, and exercise ordinary care to avoid striking them, and that such duty implies the duty upon his part to see what is in plain view. The driver of an

automobile approaching and attempting to pass children walking upon the highway ahead of him is bound to know that children do not ordinarily exercise the same degree of prudence for their own safety as would reasonably be expected of persons of mature judgment and experience; and in this case if there was anything about the actions of the deceased, or of the group of children of which he was a part, which the defendant saw, or in the exercise of ordinary care, should have seen, which should have challenged his attention, as a reasonably prudent person, and warned him that he might reasonably expect any of such children to run into the path of his car, it was his duty to be on the alert and operate his car at such speed and have it under such control as to avoid striking any of such children who should so run into the path of the defendant's car."

"14. The defendant claims that as he approached the group of children walking the highway ahead of him, some of said children went to the south side of the highway and others went to the north side of the highway, leaving a path between those on the south side and those on the north side twelve to fifteen feet in width; that as the defendant attempted to pass said group of children in said path the deceased suddenly and without warning stepped or ran from the south side of said highway directly into the path of his car at a time when it was too late for him, in the exercise of ordinary care, to avoid striking the deceased.

"In this connection you are told that if the deceased was, just prior to the happening of the accident, in a place of safety, and there was not anything about his actions or the actions of the group of children of which the deceased was a part, which should have challenged the defendant's attention, as a reasonably prudent person, and warned him that he might reasonably expect any of said children to step or run into the path of his car, he had a right to assume that the deceased would remain in a place of safety until the automobile had passed him, and was not legally bound to know or anticipate that the deceased would attempt to cross the highway ahead of the defendant's on-coming car at a time when it would be too late for the defendant, in the exercise of ordinary care, to avoid striking him."

It is urged that instruction 13 imposed no duty to use care on the defendant unless there was something about the *actions* of the deceased, or of the group of children of which he was a part, which

the defendant saw, or in the exercise of ordinary care, should have seen, which should have challenged his attention, as a reasonably prudent person, and warned him that he might reasonably expect any of such children to run into the path of his car, whereas the jury should have been told that it was the duty of the defendant to anticipate that a child of the tender age of the decedent could not be expected to act as a mature person but, on the contrary, should be expected to act as a child of like age. Likewise, the complaint against instruction 14 is that it told the jury affirmatively that the defendant would not be guilty of negligence if, just prior to the accident, the decedent was in a place of safety and there was not anything about his *actions* or the *actions* of the group of children of which he was a part which challenged the defendant's attention as a reasonably prudent man and warned him that he might reasonably expect any of said children to step or run into the path of his car, and that he had a right to assume that the deceased would remain in a place of safety until the automobile had passed him.

Appellant admits that, so far as our cases involving injuries to children of a tender age are concerned, this court has followed the rule set out in the instruction to the effect that, if the driver of the automobile, in approaching a child, sees it in a place of safety, he has a right to assume that it will not leave such place of safety and go into the path of his car, and that, if such child, without doing anything to indicate his action, suddenly leaves the place of safety and comes in contact with the automobile, the driver cannot be held to be negligent in failing to anticipate such action on the part of the child. See Bishard v. Engelbeck, 180 Iowa 1132, 164 N. W. 203; Borland v. Lenz, 196 Iowa 1148, 194 N. W. 215; Brekke v. Rothermal, 196 Iowa 1288, 196 N. W. 84; Faatz v. Sullivan, 199 Iowa 875, 200 N. W. 321; Radenhausen v. C., R. I. & P. Ry. Co., 205 Iowa 547, 218 N. W. 316; Klink v. Bany, 207 Iowa 1241, 224 N. W. 540, 65 A. L. R. 187; Kessler v. Robbins, 215 Iowa 327, 245 N. W. 284.

Appellant contends, however, that this court, in the recent case of Allen v. Des Moines Railway Company, 218 Iowa 286, 253 N. W. 143, has indicated its intention to depart from the strictness of the rule which has heretofore been followed, and to adopt the rule sanctioned by the courts of Pennsylvania and other states, which holds that, when the driver of an automobile sees children of tender age upon the highway or in close proximity thereto, he is bound to

realize that such children do not use the prudence and caution of mature persons, but that, on the contrary, they may, without any previous indication of such action, suddenly dart into the pathway of his car. While, in our opinion, the Allen case does not indicate an intention to depart from the rule which we have hitherto followed, it does, perhaps, place a limitation on such rule to the extent that a person approaching such child would not have a right to ignore the apparent fact that such child's attention was otherwise occupied and that it might not realize the danger of going into the pathway of the on-coming car. In the case of Johnson v. Abbotts Alderney Dairies, 295 Pa. 548, 145 A. 605, which was quoted by us with approval in the case of Allen v. Des Moines Railway Company, supra, it was said that, " 'when children are on the street, or in the act of crossing, plainly visible, his [the driver's] obvious duty on approaching the spot is to bring his car under such control as the circumstances demand, so that, *responsive to the child's capricious acts*, he can stop to avoid injury.' " (Italics are ours.) The case of Silberstein v. Showell, Fryer & Co., 267 Pa. 298, 109 A. 701, 703, used this language:

"When children are on the street, playing at a public crossing, plainly visible as the driver approaches, and one of them is in the act of crossing the street, in view of the driver, 50 feet away, his obvious duty, on approaching the crossing, is to bring his car under such control as the circumstances demand. With his car under this control, as he approaches, if he attempts to pass the child in the rear, his car should still be under control, the control that good sense demands, so that, responsive to its irrational acts, he can stop it to avoid injury. *He should expect children's negligent acts.* The sudden twisting and turning of the child, caused by the movement of the car, or the noise it made, would not excuse him." (Italics are ours.)

In the case of Frank v. Cohen, 288 Pa. 221, 135 A. 624, 625, the court stated:

"He was approaching a place where school children could be seen on the streets. He may not have known a school was located at this particular place; but the presence of children in large numbers in his immediate way should have caused him to exercise the degree of care their presence required. *Children are capricious; they act heedlessly without giving the slightest warning of their inten-*

*tions. They dart here and there with the exuberance of youth. No law or court edict will stop them; we shall not attempt to do so, but rather warn those who may meet them to be on the lookout."* (Italics are ours.)

Practically the same rule announced in the Pennsylvania cases and here contended for by appellant has been adopted by the courts of Louisiana, Virginia, West Virginia, Oregon, California, and Wisconsin, as shown by the following cases: Jacoby v. Gallaher, 10 La. App. 42, 120 So. 888; Fontaine v. Dorsey, 15 La. App. 282, 131 So. 506; Brown v. Wade (La. App.) 145 So. 790; Price v. Burton, 155 Va. 229, 154 S. E. 499; Aliff v. Berryman, 111 W. Va. 103, 160 S. E. 864; Metcalf v. Romano, 83 Cal. App. 508, 257 P. 114; Forrest v. Turlay, 125 Or. 251, 266 P. 229; Pisarek v. Singer Talking Mach. Co., 185 Wis. 92, 200 N. W. 675; Ruka v. Zierer, 195 Wis. 285, 218 N. W. 358; Hanes v. Hermsen, 205 Wis. 16, 236 N. W. 646.

It seems to us that the rule for which appellant contends avoids some inconsistencies in the rule which we have hitherto followed, and is in better accord with humane considerations. This court has adopted the rule that children between 7 and 14 years of age are presumed to be incapable of acts of negligence. In the face of such presumption it does not seem quite logical to say that such a child need not be expected to act as children of like age do act, and that the driver of an automobile, seeing such child upon a street or highway in a position from which it may readily pass into the pathway of the automobile, has a right to assume that such child will act as a person of mature years and will not leave the place of safety in which the motorist sees him. The presumption that children of tender age are incapable of contributory negligence arises because experience has demonstrated that such children do not act with the care and deliberation of mature persons. We know it is a part of the very nature of normal and healthy childhood to indulge in pranks and heedless acts without any deliberation and without anything in the act which they may be doing to indicate what they are next going to do, until it is done. To say, therefore, as we have said in the rule heretofore adopted by us, that the driver of an automobile, seeing such a child upon a street or highway in a position where it is not in the pathway of his automobile, but may readily change its position into such pathway, has a right to rely upon such child remaining in such position of safety and to assume that it

will not do the things which children instinctively and frequently do, appears to us to be far from consistent. Moreover, such rule seems to violate the finer and more humane instincts of our nature. It is well known that motorists, seeing a horse or a cow or a hog upon the road, reduce their speed and, if necessary, bring their cars to a full stop to avoid hitting such animals. It is true that this caution on the part of motorists is not because of any tender solicitude for the dumb beasts that might get into their pathway, but rather from the selfish instinct of self-preservation. In the face of the alarming increase and the frightful number of human injuries and deaths caused by the automobile, it does not seem too much to require that motorists shall exercise as much care in avoiding injury and death to little children as they exercise in protecting their own lives and persons or property when their pathways are in danger of being obstructed by a mere beast. What we here say should not, of course, be understood to mean that, under the facts of the instant case, it could be said, as a matter of law, that the defendant was guilty of negligence in failing to have his car under such control that he could have stopped it instantly when the plaintiff's decedent ran across the road in front of him. Whether or not one is guilty of negligence must always be determined by considering the care which it was his duty to use under all circumstances. What we do mean to say is that, under the facts and circumstances of this case, it should not be said that the defendant was under no obligation to avoid striking the child unless the actions of the decedent or those accompanying him were such as to challenge his attention and cause him to anticipate that the decedent was about to leave the place of safety on the side of the road and go into the place of danger, and that it should not be said that the defendant had the right to assume that the decedent would stay in the place of safety regardless of his tender age. The apparent age of decedent was a circumstance which defendant was obliged to take into consideration, and, instead of assuming that the decedent would not leave the place of safety on the side of the road, the defendant was bound to know that a child of the apparent age of decedent might do just what decedent did in this case. In saying this, we do not mean any reflection on the trial court, because, in fairness to the trial court, it must be said that in giving the instructions which we now hold erroneous it was but following the precedents established by this court as applicable to such cases.

We now hold that, when a child under the age of 14 years is in plain view upon a street or public road, so that the driver of an automobile or other vehicle sees him, or in the exercise of ordinary care should see him, in time to reduce the speed of such vehicle and have such control thereof as to avoid coming into contact with such child, such driver of an automobile or other vehicle cannot assume that such child will not move from a position of safety outside of the pathway of such vehicle and into a place of danger in such pathway, but, on the contrary, such driver must realize that such child may act without any care and may suddenly and unexpectedly leave a place of safety and move into a place of danger in the pathway of such vehicle. We do not hold that, where a child is not in plain view upon a street or public road, so that the driver of an automobile or other vehicle sees him, or in the exercise of due care should see him, such driver is under any obligation to anticipate that such child will suddenly and unexpectedly dart out from a place of concealment into the pathway of the driver's automobile or other vehicle. In so far as our previous decisions are in conflict with the holding here announced, such decisions are hereby overruled.

██ II. Instruction 15, given by the trial court, is as follows:

"With respect to the question of contributory negligence you are told that a child of ten years of age is presumed to be incapable of contributory negligence. It appears from the undisputed evidence that at the time of the happening of the accident in question the said Clarence John Webster was ten years of age. The plaintiff has, therefore, made out a prima facie case of freedom from contributory negligence, by the evidence, and you will so find unless the defendant has established facts and circumstances to overcome this prima facie case, or at least to place the evidence on that question in equipoise. Such prima facie case may be rebutted by proof that the said Clarence John Webster *failed to use and exercise the care, discretion and prudence of children of a like age*, and that such failure on his part contributed directly to his injury and death. In determining the question of whether Clarence John Webster was guilty of contributory negligence, you should take into consideration not only all the things which he did and failed to do in connection with the accident in question as shown by the evidence, but you should also give due consideration to his age, experience, maturity or immaturity of his judgment, his education, the condition of his health, his

knowledge of the surroundings, together with any other circumstances or facts bearing upon that question as the same may be shown by the evidence." (Italics are ours.)

The appellant contends that the only competent evidence to rebut the presumption of decedent's freedom from contributory negligence would be evidence as to decedent's capacity; that, as there was no such evidence as to decedent's capacity, there was no evidence tending to rebut the prima facie case of freedom from contributory negligence arising from the age of the decedent; and that, in the absence of such evidence, the presumption as to decedent's contributory negligence should not have been submitted to the jury. Considerable argument is directed to the proposition that the only evidence to rebut the presumption that a child under 14 years of age is not guilty of contributory negligence must necessarily be evidence tending to show that such child has greater capacity than the ordinary child under 14 years of age, and numerous cases are cited by appellant in support of this contention. All of these cases, however, are from other jurisdictions. It may be conceded that in such other jurisdictions a rule embodying the elements contended for by appellant appears to have been adopted. However, the rule embodied in the trial court's instruction is fully supported by our decisions. In Fishburn v. Burlington & N. W. Ry. Co., 127 Iowa 483, 103 N. W. 481, the trial court in instructing the jury as to contributory negligence of a child of 6 years of age said:

"You will charge and hold him [the child] responsible only to the degree of caution and prudence under the same conditions generally possessed and exercised by a child of his age and experience under all the circumstances as disclosed by the evidence in the case."

And this court in passing upon such instruction said:

"That a young child is held to exercise only such care for its own protection as may reasonably and fairly be expected from one of its years and experience is too well settled to admit of argument. * * * The instructions by the trial court to the jury upon this feature of the case were correct."

In Johnston v. Delano, Receiver, 175 Iowa 498, 154 N. W. 1013, a boy of 13 years of age had been killed at a railroad crossing

while riding with his father's hired man. In discussing the question of his alleged contributory negligence, we said:

"Under the established rules of law prevailing in this state there is a presumed incapacity for contributory negligence in a child under the age of 14, and that to defeat a recovery for his negligent injury such presumption must be overcome by proof that he did not exercise the care and discretion usual or to be expected in children of a similar age."

Other cases tending to support the rule embodied in the court's instructions are Doggett v. C., B. & Q. R. R. Co., 134 Iowa 690, 112 N. W. 171, 13 L. R. A. (N. S.) 364, 13 Ann. Cas 588; McEldon v. Drew, 138 Iowa 390, 116 N. W. 147, 128 Am. St. Rep. 203; Hazlerigg v. Dobbins, 145 Iowa 495, 123 N. W. 196; Brekke v. Rothermal, 196 Iowa 1288, 196 N. W. 84.

The plaintiff in presenting his evidence as to the age of his decedent sustained the burden of proof imposed upon him to show freedom from contributory negligence, and the presumption of freedom from contributory negligence arising from decedent's age made a prima facie case without any other evidence as to what decedent did or did not do. There was further evidence, however, some of it presented by the defendant, to the effect that the decedent suddenly and without warning and without any apparent reason for his action ran from the south side of the road directly in front of the defendant's automobile which was traveling along the north side of the road. We think there was a question for the jury on the issue of contributory negligence, and that, under the rule established by our cases, the trial court correctly instructed the jury that it was for them to determine whether or not, under all the facts and circumstances of the case, the decedent exercised that degree of care and discretion ordinarily exercised by children of a like age.

III. Other objections argued by plaintiff have reference to instructions given by the court involving the definitions of "negligence" and "contributory negligence" and in regard to defendant's failure to observe the statutory requirements in regard to the operation of his car and in regard to having it under such control as to be able to stop within the assured clear distance ahead. We have examined the instructions of which complaint is made, and we find no error therein. We think that the instructions, other than those considered in the first division of this opinion, when taken in connec-

tion with the entire charge, properly presented the issues involved in the case.

For the reasons given in the first division of this opinion, the judgment of the trial court is hereby reversed, and the case remanded for new trial.—Reversed and remanded.

ANDERSON, C. J., and MITCHELL, KINTZINGER, POWERS, PARSONS, and HAMILTON, JJ., concur.

ALBERT and RICHARDS, JJ., dissent.