LOUIS CHIPOKAS, Appellant, v. A. W. PETERSON et al., Appellees.

No. 42780.

APRIL 2, 1935.

France, Cash & Healy and Cahill, Boland & Hines, for appellant.

G. P. Linville, for appellees.

MITCHELL, J.—Louis Chipokas, father of Kathryn Chipokas, a child four years of age at the time of the accident, brought this action to recover moneys which he had expended in hospital, nursing, and medical attention for Kathryn, in the amount of $973. To the petition the appellees filed answer, setting up certain defenses, among them the following: That Louis Chipokas, as the next friend of Kathryn Chipokas, had, prior to that time, and to wit, on the 29th day of August, 1932, filed a petition in the district court of Linn county, Iowa, against these same appellees as defendants, seeking damages on behalf of the said Kathryn Chipokas for the injuries which the child sustained, and, in addition thereto, he sought to recover in that action the amount of money which he had expended for hospital, nursing, and medical care; that that cause was tried and Louis Chipokas testified as one of the witnesses, setting out the amounts of moneys which he had expended, being the same identical amounts which he now seeks to recover in this action for hospital, nursing, and medical care; that the case was submitted to a jury and the jury returned a verdict in favor of the defendants (appellees) and against the said Louis Chipokas; that the question of damages, for hospital, nursing and medical care and attention has been adjudicated, and the plaintiff (appellant) cannot now relitigate the question of said damages, nor claim said damages as his property. In addition to said defense, appellees pleaded that the driver of the car was not guilty of negligence, and denied each and every allegation contained in the petition.

The case proceeded to trial. Evidence was offered, and at the close of the evidence the appellees moved to direct a verdict in their favor, setting up various grounds, and among same included the following: That the evidence and all of the evidence taken together shows conclusively that the injuries Kathryn Chipokas sustained are the result of an unavoidable accident, to wit, from the child running out from a hidden place in front of the automobile being operated by the defendant Peterson, at the time of the accident; that there is no showing of any kind of any of the acts of negligence set forth in plaintiff's petition as amended or that Peterson was guilty of any act of negligence that was the proximate cause of the injuries to Kathryn Chipokas. Other grounds are contained in the motion,

but it will not be necessary to set out same, for under our decisions, where the motion is sustained generally, as in the case at bar, then, if any ground in the motion is good, this court will not set aside the ruling directing the verdict.

The evidence in this case shows that the Center Point road at the place of the accident was a street that ran north and south in the residence district in the city of Cedar Rapids, Iowa. That it was 39.4 feet wide. There was a street car track that ran practically along the middle of the street and that it was 13.2 feet from the west curb of Center Point road at the point where the accident occurred to the west rail of the street railway track. The day of the accident Kathryn Chipokas and her little brother, together with their mother, were walking south on the sidewalk on the west side of Center Point road, the mother having hold of Kathryn by the hand. There were two cars parked on the west side of the road in front of what is known as the Mason property. There was a space of some feet between the cars. The cars were approximately six feet wide. Peterson was driving south in his automobile. Kathryn in some way or other broke away from her mother and ran across the sidewalk and into the street, going either behind the car that was parked near the gate in front of the Mason property, or in front of it. One witness testifies she ran behind the car and the other that she ran in front of it. But, regardless of whether it was in back or in front of the parked car, she ran out into the street and was struck by the Peterson car when she had about reached the west rail of the street car track. Peterson stopped his car within a few feet, the little girl rolling to the side, so that she was not run over. However, she was seriously injured, her right thigh being broken, and she received other injuries. The record shows that she has no permanent injuries.

An action was brought by the father as best friend for the daughter against Peterson and others. That case was submitted to the jury, and the jury returned a verdict in favor of Peterson, refusing to allow any damages.

The negligence claimed here is that Peterson failed to maintain a proper lookout and to have his car under control, and that he violated an ordinance of the city of Cedar Rapids, prohibiting driving of cars in the residential districts in excess of a speed of twenty-five miles per hour. Peterson himself testified that he did not see the child, and this is easily understood, for the distance from the

west curb line of the street to the spot where the child was struck is a little more than thirteen feet. She either ran in front or in back of the car that was parked and this car was parked about a foot from the curb line. The width of the car was approximately six feet. This would take up seven feet of the street, leaving only six feet in which this youngster was running when Peterson came along. There is no evidence in the record of Peterson driving in excess of twenty-five miles an hour, except the evidence of one witness, who had never driven a car at the time that he testified. And this witness testified, as did all the witnesses, that Peterson stopped his car within a few feet of the place where he struck the child. All the other evidence shows that Peterson was driving between twenty and twenty-five miles an hour. True, he did not sound the horn or give any warning, but there was no reason for doing so because he did not see the youngster. And, as the child darted out from in front or in back of the parked car, he had no opportunity of seeing her. The scene of the accident was not at a crossing or intersection. Peterson was not guilty of negligence just because this child, unfortunately, suddenly and unexpectedly ran out into the path of his automobile. This, no doubt, was the view of the jury in the former case, in which the same evidence was submitted, and in which the jury returned a verdict in favor of Peterson.

This court has in its recent decisions laid down rules which it believes will help protect the children of this state. In the case of Webster v. Luckow, reported in 219 Iowa 1048, loc. cit. 1053, 1054, 258 N. W. 685, at pages 687, 688, this court said:

"The case of Silberstein v. Showell, Fryer & Co., 267 Pa. 298, 109 A. 701, 703, used this language: 'When children are on the street, playing at a public crossing, plainly visible as the driver approaches, and one of them is in the act of crossing the street, in view of the driver, 50 feet away, his obvious duty, on approaching the crossing, is to bring his car under such control as the circumstances demand. With his car under this control, as he approaches, if he attempts to pass the child in the rear, his car should still be under control, the control that good sense demands, so that, responsive to its irrational acts, he can stop it to avoid injury. *He should expect children's negligent acts.* The sudden twisting and turning of the child, caused by the movement of the car, or the noise it made, would not excuse him.' In the case of Frank v. Cohen, 288 Pa. 221, 135 A. 624, 625, the court stated: 'He was approaching

a place where school children could be seen on the streets. He may not have known a school was located at this particular place; but the presence of children in large numbers in his immediate way should have caused him to exercise the degree of care their presence required. *Children are capricious; they act heedlessly without giving the slightest warning of their intentions. They dart here and there with the exuberance of youth. No law or court edict will stop them; we shall not attempt to do so, but rather warn those who may meet them to be on the lookout.*' Practically the same rule announced in the Pennsylvania cases and here contended for by appellant has been adopted by the courts of Louisiana, Virginia, West Virginia, Oregon, California, and Wisconsin, as shown by the following cases: Jacoby v. Gallaher, 10 La. App. 42, 120 So. 888; Fontaine v. Dorsey, 15 La. App. 282, 131 So. 506; Brown v. Wade (La. App.) 145 So. 790; Price v. Burton, 155 Va. 229, 154 S. E. 499; Aliff v. Berryman, 111 W. Va. 103, 160 S. E. 864; Metcalf v. Romano, 83 Cal. App. 508, 257 P. 114; Forrest v. Turlay, 125 Or. 251, 266 P. 229; Pisarek v. Singer Talking Mach. Co., 185 Wis. 92, 200 N. W. 675; Ruka v. Zierer, 195 Wis. 285, 218 N. W. 358; Hanes v. Hermsen, 205 Wis. 16, 236 N. W. 646."

But the rule laid down in the above-cited case does not apply to the facts in the case at bar. Peterson had no opportunity to see this child in time to have prevented this accident. He was not driving at an excessive speed. He had his car under control, as was demonstrated by the fact that he stopped it within a few feet after striking the child. The appellant has failed to prove that Peterson was guilty of negligence. This was one of the essential elements of his case. The lower court was right in directing the verdict, and the same must be, and it is hereby, affirmed.

ANDERSON, C. J., and POWERS, DONEGAN, HAMILTON, and KINT-ZINGER, JJ., concur.