BETTY DARR, by Mrs. Archie Darr, her guardian and next friend, Appellant, v. R. F. PORTE, Appellee.

No. 43012.

November 12, 1935.

Cross & Hamill, and Ralph N. Lynch, for appellant.

Parrish, Cohen, Guthrie & Watters, and L. L. Brierly, for appellee.

Powers, J.—The sole question involved in this appeal is whether the evidence was sufficient to carry the case to the jury on the question of the defendant's negligence. The testimony of the various witnesses is not in complete harmony. In a situation of this kind we are, of course, required to view the testimony in the light most favorable to the plaintiff.

The defendant and his wife were driving west on United States Highway No. 6, just west of the town of Newton. At the place where the injury to the plaintiff was received there is a group of mailboxes on the north side of the highway at or near the north boundary of the right of way. Across the road on the opposite side of the highway is a filling station. The plaintiff, a little girl five years of age, together with another little girl of the same age, and two little girls eight years of age, were at these mailboxes where the father of one of the older girls had sent her to get the mail. After examining the mailboxes they started across the highway to the filling station with the intention of purchasing some candy. The defendant, who was then 250 or 300 feet down the road to the east driving his

automobile westward, testified that when the children reached a point three or four feet from the paving he observed them and sounded his horn and made some effort to apply his brakes; that when the horn was sounded the group of little girls stopped; that one of the older girls who was in the center of the group stretched out both her arms, one to each side of her, as though to restrain the other children in the group. There is testimony of other witnesses, including one of the little girls in the group, that no horn was heard. The defendant proceeded at the rate of speed he had previously been traveling, estimated by the witnesses to be from thirty to forty miles per hour. He testified that he proceeded on his right side of the pavement and about three feet from the north edge, which would bring him within six or seven feet of the place where he knew these little children were then standing poised ready to cross the highway. He did not turn from his course until after the child was struck, and he turned off on the right shoulder of the road. His testimony is that he paid no further attention to the group of children, and that he did not know that he hit the plaintiff, one of the five-year-old children in the group, until he heard the thud of the impact. He then brought his automobile to a stop some 150 or 200 feet beyond the point of the collision.

The circumstances immediately surrounding the collision are somewhat in dispute. The defendant's wife, who was riding with the defendant, says that when they were about eight feet from the group of little girls that the plaintiff ran out into the road and was struck by the right front fender of the defendant's car and thrown back onto the shoulder of the road. Some of the little girls in the group say that the child was struck while on the shoulder of the road. A man driving a truck behind the defendant's car testified that he saw the child come out from under defendant's car, and that immediately after the accident the child was lying in the middle of the right lane. To have been there the child must have been in the middle of the front end of defendant's car when struck.

We have, then, in this case, even if we give full credence to defendant's testimony, this situation: A motorist sees and knows that there is adjacent to the highway, and within three or four feet of the paved portion thereof, a group of little children, two of them only five years of age and two of them

eight years of age. He knows that their purpose is to cross the highway. When 250 or 300 feet away he sounds a warning which they apparently heard. From that time on the motorist assumes that the children thus warned and in a place of safety will remain there until he has passed, and proceeds at 30 or 40 miles an hour within six or seven feet of where the children are standing without giving any further heed to the presence of the children on the highway, or taking any precaution to guard against the possibility of these children, or some of them, moving from the place of safety where he saw them stop to a place of danger on the paving.

This court, in the case of Webster v. Luckow, 219 Iowa 1048, 258 N. W. 685, decided since the verdict was directed in the case at bar, has very definitely laid down the rule that a motorist can not ignore the frequently observed disposition of children of tender years, especially when in a group, to be heedless and capricious and to dart here and there and from a place of safety to a place of danger and into the pathway of an oncoming car. The defendant in this case saw these children, saw that they were of tender years, saw that they wanted to cross the road and that they were poised there ready to cross, and that one of the older children was making some effort to restrain the younger ones from going out onto the paving. He had no right to assume that they would remain in a place of safety. He should anticipate that children of that age and under such circumstances are likely to do the very thing the plaintiff in this case apparently did do. He should, therefore, have continued to keep a lookout for these children, to be on the alert to avoid injury to them, and to reduce his speed when passing them so as to be in a position to stop promptly or to turn from his course to avoid striking them, or any of them, if they should run into the path of his car. The degree of care which the defendant was required to exercise in this situation was commensurate with the obvious danger, and one of the obvious dangers was the disposition of children of tender years, seeking to get across the highway, to suddenly run across in response to impulse and without the exercise of judgment or caution. Motorists must take into account this disposition of children of tender years, and take the precautions in passing them which that situation requires. There is evidence in this case that no precautions whatever were taken by the defendant after

he warned the children when 250 or 300 feet from them by sounding his horn. The fact that they then stopped would not justify him in abandoning all further care for their safety. A jury might have found, under the rule of the Webster case, that the defendant failed to use the degree of care required of him under the circumstances. A jury might have found, also, that, if defendant had been in the exercise of the proper care, he could have avoided striking this child, and that his failure to exercise such care was the proximate cause of the injury which this child sustained.

Because of plaintiff's tender years, no question of contributory negligence is involved.

We are satisfied that the question of defendant's negligence and the question of such negligence being the proximate cause of the injury to the plaintiff were for the jury.

It follows that the judgment must be, and is hereby, reversed.

KINTZINGER, C. J., and ALBERT, MITCHELL, ANDERSON, DONEGAN, PARSONS, and HAMILTON, JJ., concur.