## BROOKS v. LABRUYERE et al.*
### No. 16614.

Court of Appeal of Louisiana. Orleans.
April 5, 1937.

*Writ of certiorari denied June 21, 1937.

L. H. Gosserand, of New Orleans, for appellant.

Jno. E. Fleury and Rosen, Kammer, Wolff & Farrar, all of New Orleans, for appellees.

JANVIER, Judge.

Herman Lawrence Brooks, a six year old boy, was struck and injured by a truck owned by Philip P. Labruyere, one of the defendants, and operated at the time by Perry Lott, also made defendant, who was admittedly acting within the scope of his employment by Labruyere. The other defendant, Maryland Casualty Company, is the liability insurance carrier of Labruyere.

The accident occurred at about 3 o'clock in the afternoon on November 29, 1935, on a roadway in Jefferson parish referred to by most of the witnesses as Robertson lane. The lane connects at right angles with a paved highway. The child was struck after the truck had turned from the highway into the lane and had proceeded 180 feet. There are many modest dwellings in the neighborhood and a great number of children almost constantly play in the lane and nearby. On the left of the truck was a high fence made of upright split pickets, placed so near together as to constitute an impenetrable obstruction to the view of an automobile driver on the highway.

It is the contention of plaintiff, who alleges that he is the duly qualified natural tutor of the injured child, that the child, with two other young boys, had been playing "catcher" in the lane as the truck approached and that, just before it reached that point, the other two boys, closely pursued by young Brooks, had run across from the left side to the right side immediately in front of the truck and that the driver's attention was distracted by other persons who were standing on the side of the roadway opposite that from which the child approached, and that, because of this inattention and also because of the alleged dangerously high speed of the truck, the said driver failed to see the boy in time and was unable to avoid striking him.

Lott, however, declares that he was operating the truck at a moderate rate of speed, which he fixes, in one part of his testimony, at "not over eighteen miles an hour," and elsewhere at "not over twenty miles per hour," and that, though there were other persons in the lane, they were all on the

right-hand side watching a game of marbles when the Brooks child, who, until that moment, had been inside a yard on the left and completely screened from view by the fence, suddenly ran into the lane immediately into the path of the truck, which was stopped within a very few feet. Lott especially denies that any other children were playing on the highway itself, or that any children had immediately preceded the little Brooks boy as he attempted to run across the lane.

In the Twenty-Fourth judicial district court there was judgment for defendants, and plaintiff has appealed.

In Guillory v. Horecky, 185 La. 21, 168 So. 481, 483, the Supreme Court considered facts which plaintiff contends were practically identical with those found here, and there was, no doubt, much about that case which resembles this. There the court found that "the children were playing tag, and the truck driver saw them playing and running in his direction and looking behind them as he approached." The court said:

" 'The situation called at once, on his part, for great care. He should have gotten down to very moderate speed and held his truck well in hand, ready to stop or swerve as might be necessary to avoid the result of an impulsive act on the part of the children.' * * *

"In the instant case we do not think it was material as to what rate of speed the truck was moving. Suffice it to say that the driver did not operate his vehicle, after having seen the children, with such prudence and care and under such control that he could have instantly stopped the truck and avoided the accident."

There are many other cases in which our courts have laid down rules to govern the operation of motor vehicles in localities in which children are playing and in all of them it has been said that extreme care must be exercised. Kaough v. Hadley et al. (La.App.) 165 So. 748; Jacoby v. Gallaher, 10 La.App. 42, 120 So. 888; Peperone v. Lee (La.App.) 160 So. 467; Moreau v. Southern Bell Telephone & Telegraph Co. (La.App.) 158 So. 412; Fontaine v. Dorsey, 15 La.App. 282, 131 So. 506.

In Millannos v. Fatter, 18 La.App. 708, 138 So. 878, 882, we said: "That children may be expected to do the unexpected, and that therefore persons operating automobiles in close proximity to points at which children walk or congregate or play must exercise more care than would be necessary where only adults are found, is true."

Many other cases might be cited, but we think it unnecessary that we refer to others, since the view expressed in all is in accord with the statements quoted above. If, therefore, there was anything in the appearance or in the actions of the persons who were congregated nearby which indicated to any extent whatever that there was a possibility that any of the children would run across the street, it was the duty of Lott to reduce the speed of his truck to a minimum and to exercise the utmost caution in approaching, so that he might bring his car to an immediate stop should any one of the children move towards the pathway on which his truck was traveling. If, as a matter of fact, the children were playing "tag" in the roadway, or if the other two children ran across the roadway in front of the truck as it approached, we feel that nothing short of the most extreme caution would have satisfied the requirements of the situation.

But the evidence on this question is conflicting. It is well established that there was a marble game in progress on the right side of the road, and, though only one of the witnesses, Lott, undertakes to fix the location of this game, he is not contradicted in his statement that it was in progress on the sidewalk. He says: "There were children on the sidewalk on the right side playing marbles." He states most positively that there were no children or other persons in the roadway itself and that the three little boys referred to by other witnesses were not playing on the road and that two of them did not cross the roadway ahead of his truck. The judgment itself is evidence of the fact that the district judge did not believe those witnesses who stated that the children were playing in the roadway and that two of them crossed ahead of the truck, because, had he believed this evidence, it is impossible, in view of the well-settled jurisprudence, that he could have failed to render judgment in favor of plaintiff.

We think it quite probable that the two boys had crossed the road some time before and that the witnesses who testified to their having crossed immediately ahead of the truck were merely mistaken as to the time of this occurrence. If they had crossed a few moments earlier, then they had completed the crossing before the truck entered the lane and there was nothing about

the appearance of a group of persons watching a marble game on the sidewalk, separated from the road by a ditch, to indicate that another child might run across from the other side and from a position of safety in which he could not be seen and place himself in a position of extreme danger.

That the truck was not being operated at high speed is indicated by the fact that it stopped immediately and that, although the little boy was struck directly opposite the point at which the marble game was in progress and at which other persons were congregated, the driver of the truck was the first person who reached the side of the boy after the injury. Had the truck proceeded for any appreciable distance, it is certain that some of those persons who were standing by watching the marble game would have reached him first.

The cases involving injuries on highways sustained by children who previously had been playing nearby divide themselves into two groups. In one are found those in which the children were seen by the driver of the offending vehicle and in the other are placed those in which the children had not been previously in view, but ran out from an obscure, safe position into danger. Among cases in this second group are found Martinez v. Crusel (La.App.) 148 So. 742, Millannos et al. v. Fatter, supra, Valcour v. Simon Hubig Co., 4 La.App. 521; Pyaette v. N. O. Public Service, Inc., 10 La.App. 300, 120 So. 483, and Litolff v. N. O. Ry. & Light Co., 124 La. 278, 50 So. 105.

We think that the case at bar falls within this latter group and that the child suddenly darted out from the gate on the left side of the road from a position in which he could not be seen and that he reached the pathway of the truck before it was possible for Lott, the driver, to bring it to a stop. Had there been no group of persons including children on the other side of the road, there could be no doubt whatever as to the absence of fault on the part of Lott, and we have, therefore, given much thought to the question of whether the fact that these other children were on the other side of the road playing marbles should have constituted a warning to Lott of the possibility of the approach of other children. But there was nothing about the presence of these other children, separated from the roadway by a ditch and apparently giving complete attention to the conduct of the marble game to indicate that some other child might approach them from the other side, and, furthermore, the evidence shows that Lott was driving at a moderate speed and was observing those children who were playing on his right side when the danger suddenly appeared not from that group, nor even from that side, but from a totally unexpected and unforeseen source and from the other direction.

In view of these facts it cannot be said that he was at fault in not having his car operated at even a slower speed than that at which it was proceeding, because, as we have said, it seems quite certain that he did stop his car almost as soon as the little boy reached a position in front of it.

The judge of the district court, as we have said, apparently found that the boy ran from an obscure position into the pathway of the truck. This finding is one of fact, for the reversal of which we find no sufficient evidence in the record.

The judgment appealed from is affirmed.

Affirmed.