HERBERT F. WESTMAN, Administrator, Appellee, v. C. C. BINGHAM et al., Appellants.

No. 45707.

NOVEMBER 12, 1941.

M. L. Sutton, E. L. Miller, G. T. Cousins, and M. B. Miller, for appellants.

E. C. Halbach and H. I. Smith, for appellee.

GARFIELD, J.— Plaintiff's decedent, a girl ten years old, was riding her bicycle west on Eleventh street in the city of Clinton. Defendant, Maxine Bingham, followed in the same direction, driving a car owned by the defendant, C. C. Bingham, with his consent. As the car was passing the bicycle on the left or south, the right front fender collided with the bicycle, throwing the little girl to the pavement and causing injuries from

which she soon died. Plaintiff recovered verdict and judgment for $2,750 from which defendants appeal.

Appellants' principal contention is that the evidence is insufficient to carry to the jury the issue of the driver's negligence. The trial court submitted but a single specification of negligence: That Maxine Bingham failed to use due care and caution to turn sufficiently far to the left to clear the bicycle when attempting to pass it.

The paved portion of Eleventh street, at the scene of the collision, is 35 feet wide. At the place of the accident there is an upgrade of about 4 percent. The collision occurred a short distance, variously estimated at from about 30 to 60 feet, west of the center of the intersection of Eleventh street and Camanche avenue. Camanche avenue extends to the southwest from Eleventh street. At the southeast corner of this intersection was the Rasmussen filling station. Mrs. Rasmussen, who was at the station, was an eyewitness to the collision. She testified she saw the bicycle ahead of the car for probably a minute before it was struck.

Much of appellants' argument as to the insufficiency of the evidence is based on the premise that as the automobile was in the act of passing the little girl, it obscured Mrs. Rasmussen's view of the bicycle. The testimony shows, however, that when the vehicles collided, this witness saw above the hood of the car the head and shoulders of the girl, and saw ahead of the car the front of the bicycle. She says the girl was headed west and that "it looked like she was struck with the fender on the right front part of the car;" that when she was hit she was a little bit in front of the car.

Pictures of the car, as well as the testimony, show a mark on the right front of the right front fender, fully as far forward as the headlight. The jury could have found that this mark was caused by contact with the left front fork of the bicycle, on which paint or finish from the car was found. The right front hub cap also showed a mark which the jury could have found was caused by contact with the left pedal of the bicycle. This left pedal was bent forward. The shoe on decedent's left foot

was removed by the collision and her left ankle was bruised and skinned on the outside.

The only eyewitness to the collision other than Mrs. Rasmussen is appellant, Maxine Bingham, who testified she observed the little girl ahead of her and 5 or 6 feet south of the north curb; that decedent was having a little, but not much, difficulty pumping the bicycle up the hill; that she last observed the bicycle 6 to 10 feet ahead of the car and 6 feet to the right. The first she says she knew of an accident was when she heard the sound of the collision. Then she says she looked out the right front window of her car and saw decedent's face 4 feet from the car.

Appellants cite authorities holding that negligence cannot be inferred from the fact that an accident occurred; that while the circumstances attending an accident may warrant an inference of negligence, the circumstances must be established by evidence. Also, that a verdict may not be based on speculation or conjecture. These are, of course, well recognized rules. We hold, however, these propositions are not applicable to this case and that there was sufficient evidence of negligence in the respect charged to create a jury question.

Appellants do not deny that it was Maxine Bingham's duty to use due care and caution to turn sufficiently far to the left when attempting to pass the bicycle. The trial court so instructed. The jury was told it was the duty of the driver to pass to the left of the bicycle at a reasonably safe distance. No complaint is made of this instruction. (In this connection see section 5024.03, Code, 1939.) As above stated, this was the single charge of negligence submitted. The testimony of Mrs. Rasmussen is that the bicycle went up the hill in a westerly direction. She observed no change in direction of the bicycle to its left or south. Mrs. Rasmussen was asked on cross-examination: "It (the bicycle) went on a straight course?" She answered, "As far as I saw it." Neither Maxine Bingham nor any other witness testified that she saw the girl turn her bicycle to the south. Perhaps an inference to that effect is justified from Maxine's testimony that when she last looked before hearing the noise of the impact the bicycle was ahead and 6

feet to the right of her car and that the car did not thereafter turn to the right. But the jury was not bound to accept this testimony. If the bicycle continued in its westerly course, as the jury could have found, it is a logical and reasonable conclusion from this record that the cause of this collision was the failure of the driver of the car to use reasonable care to pass sufficiently far to the left to clear the bicycle.

This paved street was 35 feet wide. No excuse is suggested why the car could not have been driven further to the south in the attempt to pass the bicycle. Mrs. Rasmussen testified the car was about in the center of the north half of the street at the time of the collision. Maxine admitted as a witness that it was not necessary for her to crowd over on the little girl. Appellant observed decedent pump her bicycle with at least some difficulty up the hill. Even if the evidence showed some variation in the course of the bicycle, it seems the jury could have found that reasonable care under the circumstances would require appellant to have allowed. therefor. Appellant was bound to recognize that decedent was a mere child who was not required to act with the care and deliberation of mature persons. See Webster v. Luckow, 219 Iowa 1048, 258 N. W. 685; Darr v. Porte, 220 Iowa 751, 263 N. W. 240.

For a case somewhat similar on the facts (although weaker, from plaintiff's standpoint), see Stockfisch v. Fox, 275 Mich. 630, 267 N. W. 754, where a boy on a bicycle was killed by a truck passing in the same direction. In reversing a directed verdict for the defendant trucker, the Michigan court says (page 634 of 275 Mich., page 755 of 267 N. W.):

"A bicycle is * * * entitled to reasonable use of the highway. The law provides no groove in which it shall travel and a driver coming from behind without warning may not rely upon the bicycle remaining at a specific distance from the edge of the road. 'Safe distance' is not measured by cold inches but by circumstances and the variations from perfectly straight driving or riding which may be anticipated from ordinarily careful persons. It cannot be said as a matter of law that four or six feet from the right edge of an eighteen-foot pavement

is a 'safe distance' to pass a bicycle when the truck steals up without warning at a speed of 25 or more miles per hour, although the bicycle occupies only eighteen inches or two feet of the space and is traveling close to the edge. The distance allows too little margin for possible change of position of the bicycle, from ordinary operation or because the bicyclist may be startled by the unheralded appearance of the truck, to be held legally sufficient.''

Appellants assign as error the admission of three photographs of the right front of the automobile taken by Dr. Riggert, county coroner, soon after the collision. He testified that each exhibit correctly portrays the portion of the car shown. In the taking of two of the pictures, the coroner encountered a glare of light at two places on the car, one on the fender and the other above the headlight. In order to obviate this condition, the coroner placed a maple leaf over each of these two spots. These two leaves are visible in two of the pictures. The third picture was taken from a different angle. The coroner fully explained the taking of the pictures in this manner. It is not claimed that the two leaves obscured any marks on the car caused by the collision, nor anything except the normal surface. We hold there was no prejudicial error in the ruling.

The third assigned error is the refusal of the court to strike as a conclusion the testimony of Mrs. Rasmussen as to the direction of the bicycle at the time of the collision. This is largely based on the claimed inability of the witness to observe the bicycle at the time. As heretofore stated, the witness testified that she saw the head and shoulders of the girl and the front end of the bicycle at the time it was struck. It is not claimed that this testimony is necessarily contrary to the physical facts. We think the witness testified to what she observed and not merely her conclusion.

The final complaint is lodged against the eighteenth instruction to the jury on the subject of contributory negligence. The jury was told that a child of ten is presumed to be incapable of contributory negligence; that plaintiff had therefore made out a prima facie case of freedom from contributory

1304

negligence "and you will so find unless the defendants have established facts and circumstances to overcome this prima facie case, or at least to place the evidence on that question in equipoise." The instruction went on to guide the jury in determining whether the prima facie case had been rebutted. Appellants assert, "The error lies in the requirement of the instruction that the defendants establish the facts to overcome the prima facie case of freedom from contributory negligence arising from the age of the decedent."

Instruction 18 is practically a verbatim copy of the instruction quoted and approved in Webster v. Luckow, 219 Iowa 1048, 1056, 1057, 258 N. W. 685, 689. Similar instructions are approved in Stutzman v. Younkerman, 204 Iowa 1162, 216 N. W. 627, and Brekke v. Rothermal, 196 Iowa 1288, 196 N. W. 84. See, too, Raskin v. Sioux City, 198 Iowa 865, 200 N. W. 333. As in the cited cases, the other instructions placed upon plaintiff the burden to prove decedent free from contributory negligence.

Finding no error, the judgment is affirmed.—Affirmed.

All JUSTICES concur.